


December 15, 2025

**By ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re: *LatinoJustice PRLDEF et al. v. U.S. Immigration & Customs Enforcement et al.*
No. 25 Civ. 8516 (LGS)

Dear Judge Schofield,

Application **GRANTED** as follows: The parties shall file a joint status letter by **January 15, 2025**, and the fifteenth day of each month thereafter (or, if the fifteenth is not a business day, the next business day), regarding the parties' negotiations for the search, processing and production of remaining responsive records. If either party seeks to move for summary judgment, it shall file a pre-motion letter pursuant to Individual Rule III.A.1.

Dated: December 16, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Counsel represent Plaintiffs LatinoJustice PRLDEF and American Immigration Council in the above referenced Freedom of Information Act ("FOIA") action. We write jointly with Defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS"), Executive Office for Immigration Review ("EOIR"), and U.S. Department of Justice ("DOJ") to apprise the Court of (i) the schedule for searching for records responsive to the FOIA requests at issue in this litigation and processing and producing some responsive records; and (ii) the parties' negotiations for the processing and producing of remaining responsive records. *See* ECF No. 17; ECF No. 20.

This litigation arises from seven FOIA requests that Plaintiffs filed with ICE and the EOIR at the end of July 2025. The requests seek the following records:

1. Guidance and other similar records provided to ICE's Office of Principal Legal Advisor ("OPLA") regarding dismissing immigration cases, *see* ECF No. 1-39 (OPLA Dismissal Guidance);
2. Guidance and other similar records re: ICE enforcement operations at immigration courts, *see* ECF No. 1-10 (EOIR Arrest Guidance); ECF No. 1-34 (OPLA Arrest Guidance);
3. Certain inter- and intra-agency communications re: dismissals, expedited removal, and enforcement operations at immigration courts, *see* ECF No. 1-1 (EOIR EOIR-ICE Enforcement and Removal Operations ("ERO") Comms.); ECF No. 1-18 (ICE ERO-EOIR Comms.); ECF No. 1-24 (Intra-ICE Comms.); ECF No. 1-29 (ICE OPLA-EOIR Comms.). *See generally* Compl. ¶¶ 61-150.

*Searches & Resolved Processing*

ICE has completed searches for records responsive to the OPLA Dismissal Guidance and OPLA Arrest Guidance Requests. It located and processed twenty pages of responsive records,

1




determined that six pages were duplicative, and released the remaining fourteen pages in full or in part on December 10, 2025.[1] Plaintiffs asked the agency on December 12, 2025, to provide descriptions for its searches so that they may evaluate their reasonableness. Plaintiffs are evaluating the propriety of claimed withholdings.

ICE will complete searches for records responsive to the ICE ERO-EOIR Comms., Intra-ICE Comms., and ICE OPLA-EOIR Comms. Requests (hereinafter "ICE Comms. Requests") by **December 17, 2025**, except for communications involving EOIR court administrators. The parties have agreed to hold the search for communications involving these administrators in abeyance while ICE considers Plaintiffs' proposal to construe EOIR court administrators to refer to EOIR points of contact. ICE will make its first production of records responsive to the ICE Comms. Requests by **January 15, 2026**.

The EOIR has completed some searches for records responsive to the EOIR Arrest Guidance Request and will complete the remaining searches by **December 31, 2025**. It will also complete searches for records responsive to the EOIR EOIR-ERO Comms. Request by **December 31, 2025**, except for communications involving EOIR court administrators. The parties have agreed to hold the search for communications involving these administrators in abeyance while the EOIR considers Plaintiffs' proposal to construe EOIR court administrators to refer to EOIR points of contact. The EOIR will conduct a responsiveness review in January 2026 and will simultaneously engage in discussions with Plaintiffs regarding a processing schedule, as further discussed below.

*Unresolved Processing & Plaintiffs' Claims for Expedited Processing*

The parties have deferred negotiating a schedule for processing records responsive to the ICE Comms. Requests and the EOIR EOIR-ERO Comms. Request until searches are complete. Plaintiffs' position is that ICE and the EOIR must complete such processing "as soon as practicable" as these requests warrant expedited processing. 5 U.S.C. 552(a)(6)(E)(iii). Defendants are evaluating whether Plaintiffs' requests satisfy the criteria for such processing.

While the parties hope that they will be able to agree to a processing schedule without briefing or involving the Court, in the event that agreement cannot be reached, they ask the Court to set the

---

[1] ICE made an initial release of three pages of records responsive to the request for OPLA Dismissal Guidance on August 20, 2025, with portions of those pages withheld pursuant to FOIA exemptions. Unfortunately, Plaintiffs' counsel did not receive this communication. ICE re-released these three pages on December 10, 2025.



following briefing schedule for Plaintiffs' motion for partial summary judgment on their expedited processing claims, *see* Compl. ¶¶ 151-58:

- Plaintiffs' Motion for Partial Summary Judgment: **January 29, 2026**
- Defendants' Opposition and any Cross-Motion: **February 19, 2026**
- Plaintiffs' Reply and any Opposition: **March 5, 2026**

Plaintiffs also request the Court to "expedite the consideration" of any such motion. 28 U.S.C. § 1657(a) (identifying FOIA as a right that merits such consideration); *see also Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 547 (S.D.N.Y. 2018) ("Speed is an essential element" for judicial review "of agency decisions … regarding expedited processing."). If the parties are able to agree to a processing schedule such that summary judgment briefing on Plaintiffs' request for expedited processing is not needed, counsel will promptly notify the Court and request to vacate the briefing schedule proposed herein.

***

The parties thank the Court for its consideration of this joint letter. They request the Court to set the partial summary judgment briefing schedule described herein. They also ask the Court to order the parties to file a joint status report by **January 15, 2026**, and by the fifteenth day of each subsequent month (or the following business day if that date is a weekend or public holiday).

Respectfully,

Daniel A. McGrath
Anisha Hindocha[‡]
Robin Thurston*
DEMOCRACY FORWARD FOUNDATION
P.O Box. 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
rthurston@democracyforward.org

[‡]*Appearing Pro Hac Vice*
**Pro Hac Vice Motion forthcoming*

_____
Christopher ("Chris") Opila
Raul A. Pinto
AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

Rex Chen
LATINOJUSTICE PRLDEF
475 Riverside Dr., Suite 1901
New York, NY 10115
(212) 219-3360
rchen@latinojustice.org

3