



February 23, 2026

**By ECF**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: *LatinoJustice PRLDEF et al. v. U.S.
Immigration & Customs Enforcement et al.*
25-Civ-8516 (LGS)
Dear Judge Schofield,

*Application **GRANTED**.  A conference will be conducted on **March 10, 2026, at 3:15 P.M.** to discuss Plaintiffs' anticipated motion.  The conference will be conducted in person at the Thurgood Marshall United States Courthouse, Southern District of New York, 40 Foley Square, New York, New York at Room 1106.  If lead counsel for either party is located outside of New York City or would experience a hardship from an in-person appearance and would prefer to appear remotely, they should notify the Court immediately by filing a letter on the docket so that arrangements can be made.  By **March 2, 2026**, Defendants shall file a letter responding to the arguments in Plaintiffs' letter.  Defendants are advised that the Court may rule orally on Plaintiff's motion at the conference, so Defendants should include all arguments in the responsive letter.  The Clerk of Court is respectfully directed to terminate the motion at Dkt. 41.*

*Dated: February 24, 2026
New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Plaintiffs respectfully request a pre-motion conference on **March 10, 2026,**[1] to discuss the processing schedules for the Freedom of Information Act ("FOIA") requests at issue in this litigation, partial summary judgment on their expedited processing claims, and expedited consideration of these claims.

## I.  Background

In May, Defendants launched an unprecedented, coordinated deportation tactic: arresting noncitizens in immigration courts after they appear for hearings and dismissing noncitizens' cases to facilitate expedited removal—deportation with less due process and oversight.

This tactic prompted immediate and ongoing public controversy:

1. Media outlets have published over 200 articles about this tactic, dozens of which question its legality. ECF No. 1-9 §II; ECF No. 1-23 §II; ECF No. 39-6 §II.
2. Protestors have demonstrated against this tactic across the country. ECF No. 1-9 §V; ECF No. 1-23 §V; ECF No. 39-6 §V.
3. Clergy, veterans, political leaders, and ordinary citizens have accompanied noncitizens to immigration courts to stop and document arrests. ECF No. 1-9 §VI; ECF No. 1-23 §VI; ECF No. 39-6 §VI.
4. Dozens of courts have deemed specific courthouse arrests unlawful and ordered U.S. Immigration and Customs Enforcement ("ICE") to release arrested noncitizens. ECF No. 1-9 §VII.A; ECF No. 1-23 §VII.A; ECF No. 39-6 §VII.A.

---

[1] The parties are also available on March 18, 2026, and March 25-27, 2026.

5.  Advocates have sued Defendants four times to enjoin this tactic and twice obtained preliminary relief. ECF No. 1-9 §VII.B; ECF No. 1-23 §VII.B; ECF No. 39-6 §VII.B; *see also* Suppl. Compl. ¶¶50-54, ECF No. 39.

6.  Political leaders have criticized the tactic in the press and elsewhere. ECF No. 1-9 §IV; ECF No. 1-23 §IV; ECF No. 39-6 §IV.

7.  Members of Congress have "express[ed] grave concern" about this tactic to Defendants and demanded guidance and communications about it. ECF No. 1-9 Exs. H-J, M; ECF No. 1-23 Exs. G-I, L; ECF No. 39-6 Exs. H-J, M.

In July, Plaintiffs filed the FOIA requests at issue for similar records. Suppl. Compl. ¶¶63, 147. They asked Defendants to expedite their requests to inform the public debate about Defendants' deportation tactic before it dissipates and courts address its legality. *Id.* ¶¶64, 148. But the agencies denied (or constructively denied) expedition, necessitating litigation. *Id.* ¶¶65, 149.

Months later, Defendants continue to process the requests glacially. Executive Office for Immigration Review ("EOIR")—on behalf of U.S. Department of Justice ("DOJ")—has not processed a single record. ECF No. 40 §B.ii. It also insists on a 200pg./mo. processing rate, *id.*, that falls below its rate in less-urgent litigation, Joint Status Report at 5, *Project South v. ICE*, 21-cv-8440 (S.D.N.Y. Apr. 18, 2022), ECF No. 34 (300pgs./mo.), and the norm for expedited requests, ECF No. 40 §B.ii (at least 5,000 pgs./mo.). ICE—on behalf of U.S. Department of Homeland Security ("DHS")—has yet to propose any processing schedule at all. *Id.* §A.ii. Unless ordered to complete processing "as soon as practicable," 5 U.S.C. §552(a)(6)(E)(iii), Defendants will not do so until requested records' value has greatly diminished.

## II.    Plaintiffs' Requests Warrant Expedition

Plaintiffs' requests merit expedition on two grounds. First, Defendants' deportation tactic is "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. §5.5(e)(1)(iv); 28 C.F.R. §16.5(e)(1)(iv). Second, Plaintiff American Immigration Council ("AIC")—a requester "primarily engaged in disseminating information"—has "urgency to inform the public concerning [this] Federal Government activity." 5 U.S.C. §552(a)(6)(E)(i)(I), (v)(II).

Defendants' refusal to expedite is "subject to judicial review … on the record before the agenc[ies]." *Id.* §552(a)(6)(E)(iii). Review is *de novo*—both for EOIR's and ICE's refusals to expedite for AIC's urgency to inform, *Al-Fayed v. CIA*, 254 F.3d 300, 305 (D.C. Cir. 2001), and DOJ's and DHS's constructive refusals to expedite for widespread and exceptional media interest, *Democracy Forward Found. v. DOJ*, No. 25-cv-2597, 2025 WL 3268245, at *4 (D.D.C. Nov. 24, 2025) ("DFF"); *see also* 6 C.F.R. §5.5(e)(2) (giving DHS exclusive jurisdiction over this ground); 28 C.F.R. §16.5(e)(2) (same for DOJ).

Defendants' deportation tactic is a matter of widespread and exceptional media interest where possible questions exist about the government's integrity affecting public confidence. The two

hundred plus articles in the record, *infra* §I.1, more than show this interest, *Citizens for Resp. & Ethics in Wash. v. U.S. DOGE Serv.*, 769 F. Supp. 3d 8, 27 (D.D.C. 2025) ("CREW") ("[F]ifty recent articles … is considerably more than … suffic[ient]." (cleaned up)); *ACLU v. DOJ*, 321 F. Supp. 2d 24, 32 (D.D.C. 2004) (finding "only a handful of articles" sufficient). And the controversy in the record—court accompaniment, political leaders' condemnation, litigation, media criticism, and protests, *infra* §I—demonstrates the requisite possible questions about government integrity, *DFF*, 2025 WL 3268245, at *6; *ACLU*, 321 F. Supp. 2d at 32.

Additionally, and alternatively, urgency exists to inform the public about Defendants' new tactic. Urgency is a product of "at least" two factors: "(1) whether the request concerns a matter of exigency to the American public; [and] (2) whether the consequences of delaying a response would compromise a significant recognized interest." *Bloomberg, L.P. v. FDA*, 500 F. Supp. 2d 371, 377 (S.D.N.Y. 2007) (quoting *Al-Fayed*, 254 F.3d at 310). The record's numerous articles more than suffice for exigency. *CREW*, 769 F. Supp. 3d at 27. And delay is compromising the public's interests in "obtaining in a timely fashion information vital to the current and ongoing debate surrounding the legality of" Defendants' tactic, *id.*, and having an informed debate before courts address it, *Heritage Found. v. EPA*, No. 23-cv-748, 2023 WL 2954418, *4 (D.D.C. April 14, 2023).[2]

Finally, AIC is primarily engaged in information dissemination. As a "news media requester," ECF No. 1-9 Ex. P; ECF No. 39-6 Ex. P, AIC need not make this showing, 6 C.F.R. §5.5(e)(3); 28 C.F.R. §16.5(e)(3). Though, the record also establishes AIC as a nonpartisan law and policy organization whose "core mission is to inform public understanding on operations and activities of government." *Protect Democracy Project v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 299 (D.D.C. 2017) (cleaned up); *see also* ECF No. 1-9 §VIII (recounting AIC's publications); ECF No. 1-23 §VIII (same); ECF No. 39-6 §VIII (same).

## III.    Conclusion

For these reasons, Plaintiffs request a pre-motion conference on **March 10, 2026,** about their requests' processing schedules, partial summary judgment on their expedited processing claims, and expedited consideration of these claims.

Respectfully,

 /s/ Chris Opila

Daniel A. McGrath                               Christopher ("Chris") Opila
Anisha Hindocha[*]                              Raul A. Pinto
Robin Thurston[*]                               AMERICAN IMMIGRATION COUNCIL
DEMOCRACY FORWARD FOUNDATION                     PMB2026

---

[2] The urgency inquiry also considers "whether the request concerns federal government activity," *Bloomberg*, 500 F. Supp. 2d at 377, which Plaintiffs' requests do.

P.O Box. 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
rthurston@democracyforward.org

*Appearing Pro Hac Vice

2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

Rex Chen
LATINOJUSTICE PRLDEF
475 Riverside Dr., Suite 1901
New York, NY 10115
(212) 219-3360
rchen@latinojustice.org