

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

March 2, 2026

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007-1312

      Re:    *LatinoJustice PRLDEF, et al. v. U.S. Immigration and Customs Enforcement, et al.*, No. 25 Civ. 8516 (LGS)

Dear Judge Schofield:

      This Office represents defendants U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security, Executive Office for Immigration Review ("EOIR"), and U.S. Department of Justice (collectively, "Defendants") in the above-referenced action brought by plaintiffs LatinoJustice PRLDEF and American Immigration Council (together, "Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552. I write pursuant to the Court's February 24, 2026 order directing Defendants to respond to Plaintiffs' February 23, 2026 letter requesting a pre-motion conference to discuss Plaintiffs' request for expedited processing of its FOIA requests. ECF No. 43.

      Because of the ongoing lapse in ICE appropriations, which prevents ICE from being able to prepare a declaration with facts relevant to the Court's determination of the matters in Plaintiffs' letter, we respectfully request that the Court defer the conference until one week after ICE funding is restored. We also explain why EOIR can process this request at a maximum rate of 200 pages per month.

      ***Background.*** As explained in the parties' prior status letter (ECF No. 40), Plaintiffs' Supplemental Complaint, filed on February 13, 2026, concerns five FOIA requests submitted to ICE and another five requests submitted to EOIR. Three of the requests submitted to each agency—the EOIR Comms. Requests and ICE Comms. Requests, as defined in the Supplemental Complaint—seek communications between and among tens or hundreds of email custodians, and are structured in a manner more akin to civil discovery than a traditional FOIA request.

      As explained by the accompanying declaration of Jeniffer Pérez Santiago, Associate General Counsel for FOIA ("Pérez Santiago Decl."), EOIR has begun processing the thousands of pages of records it has already located, at a rate of 200 pages per month. Further, until the lapse in

appropriations that caused its FOIA Office to become furloughed, ICE was processing records at a rate of around 1,000 pages per month.

*The law.* FOIA imposes no specific timetable or rate for processing records. An agency that has received a FOIA request is generally required to "determine within 20 [working] days" what steps it will take in response, and "immediately notify" the requester of its determination and reasons, and the right to appeal. 5 U.S.C. §§ 552(a)(6)(A)(i); 552(a)(6)(A)(i)(I)-(III). But FOIA's 20-working-day time period does not create a deadline for production—instead, a requester is simply deemed to have constructively exhausted administrative remedies if an agency does not take the specified actions within 20 days, and thus may sue. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 189-90 (D.C. Cir. 2013); 5 U.S.C. § 552(a)(6)(C)(i). No other provision in FOIA creates a specific timeframe for the release of records. *See* 5 U.S.C. §§ 552(a)(3)(A) (an agency shall make records responsive to a proper request "promptly available"), (a)(6)(C)(i) (same for litigated cases).

FOIA does permit certain requests to be prioritized above others; this is referred to as "expedited processing." 5 U.S.C. § 552(a)(6)(E). To qualify for expedited processing, a requester must show either a "compelling need" (a term defined by the statute) or other criteria an agency provides for by regulation. *See* 5 U.S.C. § 552(a)(6)(E)(i). But, as explained in the legislative history to the 1996 FOIA amendments that created FOIA's expedited processing provision, "[n]o specific number of days for compliance is imposed by the bill, since, depending on the complexity of the request, the time needed for compliance may vary." S. Rep. No. 104-272, at 17 (1996). Even for expedited processing, moreover, "[t]he goal is not to get the request . . . processed within a specific time frame, but to give the request priority for processing more quickly than otherwise would occur." *Id.* An expedited request thus moves "to the front of the agency's processing queue." *Documented NY v. Dep't of State*, No. 20 Civ. 1946 (AJN), 2021 WL 4226239, at *2 (S.D.N.Y. Sept. 16, 2021) (quotation marks omitted).

Expedited processing means processing "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), a standard that incorporates factors such as how many expedited FOIA requests the agency is already processing, the volume of requested materials, the demands of agency review, and competing obligations of the same agency staffers. *Documented*, 2021 WL 4226239 at *2; *Brennan Ctr. for Justice at New York Univ. Sch. of Law v. Dep't of State*, 300 F. Supp. 3d 540, 548 (S.D.N.Y. 2018) (evaluating what is "practicable" based on evidence from the agency about its general processing capabilities, other FOIA requests, and any national security concerns that limit processing speed); *Colbert v. FBI*, No. 16 Civ. 1790 (DLF), 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (considering "the size and compelling need of the request compared to others, as well as the effect of the request on the [agency's] ability to review other FOIA requests").

It is the requester's burden to show an entitlement to expedited processing, *see Nat'l Day Laborer Org. Network v. ICE*, 236 F. Supp. 3d 810, 816 (S.D.N.Y. 2017).

*EOIR's proposal.* Assuming for the sake of argument that *all* of Plaintiffs' *ten* requests do qualify for expedited processing, Plaintiffs' proposed rate of 5,000 pages per month is not "practicable." *See* Pérez Santiago Decl. ¶ 60. Instead, as EOIR explains, the greatest rate that it

can currently provide without putting at risk all other FOIA processing obligations is 200 pages per month. *Id*. ¶¶ 59-62.

As Ms. Pérez Santiago explains, she is the individual at EOIR responsible for processing Plaintiffs' FOIA five requests directed to EOIR. *Id*. ¶ 50; *see also id*. ¶¶ 8-21. She is also responsible for processing 40 other Complex FOIA requests. *Id*. ¶ 50. Processing Complex requests involves reaching out to other offices within EOIR, collecting records, performing a line-by-line review of each document to determine whether the document is responsive to the request, whether it contains any classified or other sensitive information that must be withheld under one of the nine FOIA exemptions, and whether it contains information belonging to other equity holders, such as other federal agencies or third parties. *Id*. ¶ 38

Specifically, for this case, processing records responsive to Plaintiffs' FOIA requests has already or will involve identifying individuals across EOIR with ten different titles (that has already amounted to 86 individuals and will end up amounting to hundreds of individuals), liaising with ICE, to determine the identities of individuals with eight different job titles at ICE (which has resulted in 39 email custodians), having EOIR's Office of Information Technology conduct electronic searches of emails, preparing those emails for her review, and conducting a line-by-line review of each page of each document for responsiveness and FOIA exemptions. *See id*. ¶¶ 8-21.

EOIR generally processes requests in the order they are received. *Id*. ¶¶ 33, 61. To the extent that EOIR is ordered to process at a rate faster than 200 pages per month, this will cause Ms. Pérez Santiago to significantly delay other requests. *Id*. ¶ 59-62. As Ms. Pérez Santiago explains, EOIR's FOIA resources have been stretched exceedingly thin. *Id*. ¶ 44. The agency recently lost 65 contractors as well as several attorneys who, like Ms. Pérez Santiago, were responsible for the processing of complex FOIA requests, like those at issue in this litigation. *See id*. ¶¶ 44-51.

Given all of these circumstances and limitations, EOIR explains that 200 pages per month is the maximum practicable processing rate for the requested records at this time. *Id*. ¶ 62. EOIR believes that any higher rate would require it to redirect its finite and already thinly stretched resources at the expense of other FOIA cases. *Id*. ¶ 59. Indeed, processing at a greater rate would cause significant and long-lasting delays to EOIR's FOIA processing of other, first-in-time requests. *Id*. ¶ 61.

***ICE's Proposal.*** Beginning in December 2025, ICE was processing records in this case at a rate of around 500-1,000 pages per month. It had completed three rounds of processing by February 12, 2026. However, on February 14, 2026, ICE was affected by a lapse in appropriations that caused all staff in the ICE FOIA Office to be furloughed. Indeed, the Director of the ICE FOIA Office, Fernando Pineiro, who would, in the normal course, provide a declaration in connection with this letter to explain ICE's FOIA processing capabilities and workload, is furloughed. As a result, ICE respectfully requests that the Court refrain from ordering it to perform any processing, let alone expedited processing, until the appropriations lapse affecting ICE is resolved. *See Scott v. IRS*, No. 18 Civ. 81750, 2021 WL 256418, at *4 (S.D. Fla. Jan. 26, 2021) (noting that during a lapse in appropriations, government employees were unable to work on plaintiff's FOIA request).

Because the staff responsible for both processing these requests and providing the Court with factual information about ICE's processing capabilities are currently furloughed, ICE respectfully requests that the Court defer decision on ICE's processing rate until funding is restored and ICE is able to prepare facts relevant to the Court's consideration. The Court cannot determine what is "practicable" without such facts. *Brennan Ctr.*, 300 F. Supp. 3d at 548.

For context, we have provided a recent declaration describing ICE's FOIA burdens. However, we caution that this information is not current and cannot be updated during the ongoing lapse in appropriations.

Thank you for your attention to this matter.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2633
Email: tara.schwartz@usdoj.gov
*Counsel for Defendants*

cc:    All counsel (by ECF)