UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN RAMON GARCIA ZAVALA,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Civil Action No. 24-303J |

**DECLARATION OF FERNANDO PINEIRO
IN SUPPORT OF THE UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under the Freedom of Information Act, 5 U.S.C § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access statutes and regulations. Prior to this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and prior to that I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties ("CRCL") at the U.S. Department of Homeland Security ("DHS"). The ICE FOIA office mailing address is 500 12th Street, S.W., STOP 5009, Washington, D.C. 20536-5009.

2. As the FOIA Director my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA

1

and Privacy Act requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information pursuant to the FOIA and the Privacy Act.

3. Through the exercise of my official duties, I am familiar with ICE's receipt and handling of the FOIA request, dated July 31, 2024, submitted by Plaintiff in this lawsuit and the steps taken to respond to Plaintiff's FOIA request.

4. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5. The purpose of this declaration is to support ICE's opposition to the Plaintiffs' motion for attorney's fees.

I. **Progress in this Litigation**

6. This suit stems from a FOIA request Plaintiff sent to ICE dated July 31, 2024. The FOIA request sought information pertaining to Juan Ramon Garcia Zavala. Specifically, the request sought deportation records, including but not limited to Form I-213; and any documents, records, or database entries in possession of ICE related to Mr. Garcia Zavala's identification as a gang member.

7. According to Plaintiff's Complaint Juan Ramon Garcia Zavala is the subject of the request and records were sought on his behalf. Compl. ¶ Introduction.

8. The request was submitted in support of his application for protection from removal before an Immigration Judge based on his fear of persecution or torture upon returning to his native country of El Salvador. Compl. ¶ 7.

9. The FOIA request was promptly acknowledged by ICE on August 9, 2024, and assigned tracking number 2024-ICFO-49447. Plaintiff was informed at that time that there would be a delay in responding to the request due to the large number of FOIA requests received by ICE. Additionally, Plaintiff was informed that portions of the information sought was referred to the U.S. Citizenship and Immigration Services (USCIS), a DHS component.

10. On August 9, 2024, the same day ICE acknowledged Plaintiff's FOIA request, the ICE FOIA Office tasked Enforcement and Removal Operations ("ERO") with conducting a search. However, as mentioned in the acknowledgment letter, due to the large number of FOIA requests

2

received by ICE, there was an unavoidable delay in ERO conducting the search. Therefore, Plaintiff's request was at that time placed in the queue for processing by ERO.

11. On August 9, 2024, the ICE FOIA Office sent a referral notice to the USCIS FOIA Office for a search of potentially responsive records under USCIS's purview.

12. Plaintiff was thus promptly informed at the outset that the ICE FOIA Office was experiencing significant delays. Plaintiff's request was promptly placed in the queue for processing, along with the multitude of other FOIA requests ICE had received before Plaintiff's request.

## II. Current Workload of The ICE FOIA Litigation Processing Unit

13. The complexity and volume of ICE FOIA's workload and backlog has significantly increased.

14. The ICE FOIA Litigation Processing Unit's workload has increased such that as of June 2025, it is handling 186 active FOIA litigations, of which 98 litigations have monthly rolling productions. ICE's normal processing rate for cases in litigation is 500 pages or 5 minutes of media files, per month, per case. This means, on average, the ICE FOIA Litigation Unit is currently processing approximately 49,000 pages of potentially responsive records per month.

15. The ICE FOIA Litigation Processing Unit also drafts search taskings, as well as assigns, and tracks any and all searches for responsive documents concerning FOIA litigations. The FOIA litigation search taskings frequently span dozens of ICE program and field offices and require the Unit to keep track of hundreds of thousands of responsive records, as well as the documentation from searches of the program offices and field offices.

16. The ICE FOIA Litigation Processing Unit has collateral duties, in addition to processing documents pursuant to litigation. For example, the processing unit prepares various reports for statistical tracking, responds to congressional inquiries and requests for records, redacts Prison Rape Elimination Act reports, sends out FOIA Exemption (b)(4) submitter notices, and manages litigation consults and referrals from other agencies. Additionally, the processing unit supports attorneys in the ICE Office of the Principal Legal Advisor (OPLA) with FOIA litigation by assisting in the creation of *Vaughn* indices, reviewing declarations, and coordinating on joint status reports to the court. These collateral duties are within the scope of the FOIA and are required.

17. To meet its obligations for all cases in litigation by ensuring that all FOIA matters progress and each requester receives a response, the ICE FOIA Office typically cannot process more than 500 pages or 5 minutes of media files per month per case. If the ICE FOIA Office were to prioritize any one case over another, such as by increasing the production for one case, this will inevitably hinder ICE FOIA's ability to process records for production in other matters.

### III. Procedural History of the Plaintiffs' FOIA Request and the Instant Litigation

18. At the time the ICE FOIA Office received Plaintiff's July 31, 2024, FOIA request, the backlog was 29,622 requests.

19. Despite Plaintiff being informed of the delay being experienced by the ICE FOIA Office due to the backlog of FOIA requests, and that a search was pending, on December 20, 2024, Plaintiff filed the instant Complaint in the United States District Court for the Western District of Pennsylvania, approximately five months after the requested was submitted. Plaintiff's request was in the system for being processed prior to the filing of the Complaint, and given the ICE FOIA Office's FOIA workload, it would not have been possible to respond to the request prior to the filing of the Complaint.

20. Shortly after the filing of the lawsuit, the ICE FOIA Office again tasked ERO with conducting a search because ERO had not fully completed its search after the initial tasking by the time the lawsuit was filed. Notably, on November 12, 2024, prior to the filing of the Complaint, ERO had already discovered 11 pages of responsive records from its initial search and provided those records to the ICE FOIA Office's for review. Therefore, Plaintiff's request was in the queue to be processed in the ordinary course of business, prior to the filing of the lawsuit. The Plaintiff's FOIA request was originally assigned case number 2024-ICFO-49447, and upon being notified of Plaintiff's lawsuit on or about December 20, 2024, that request was administratively closed by ICE FOIA, as is standard practice. The case was then assigned litigation case number 2025-ICLI-00024, and ERO was tasked via SecureRelease through the 2025-ICLI-00024 litigation case.

21. The receipt of a FOIA request by the ICE FOIA Office and the processing of a request is a complicated and time-consuming process which must be directed to various offices to determine how to most efficiently respond to the request. The ICE FOIA Office followed its standard FOIA processing procedure in this case.

22. On January 23, 2025, an email from Plaintiff was received with a request to prioritize a search of specific databases for records, namely the Criminal History Information Sharing (CHIS) database, ICE/ERO Security Alliance for Fugitive Enforcement (SAF), the electronic Post Order Custody Review (ePOCR) system, and "DHS-accessible gang databases".

23. The comprehensive search located 26 pages of responsive records, which were produced to Plaintiff on February 4, 2025, approximately six months after the request was received. Based upon our backlog and processing time, this production would have been made around that time without the initiation of this lawsuit. The production released the responsive records that ICE always intended to release pursuant to plaintiff's FOIA request, without regard to the lawsuit that was filed.

24. ICE made partial withholdings pursuant to FOIA Exemptions 6, 7(C), and 7(E). After a discussion between the parties, ICE supplemented this production on February 13, 2025, with three additional pages which were omitted from the original production because pages were inadvertently cut off from a database printout

25.     Plaintiff has been provided with all the records responsive to the FOIA request.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 17th day of July, 2025.

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2025.07.17 13:38:22 -04'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009