**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

LATINOJUSTICE PRLDEF, *et al.*,

      Plaintiffs,

      v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et al.*,

      Defendants.

Civil Action No. 25-8516 (LGS)

**DECLARATION OF CHRISTOPHER OPILA IN PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT ON THEIR EXPEDITED PROCESSING CLAIMS**

I, Christopher ("Chris") Opila, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

### I. Introduction

1. I am a Staff Attorney at the American Immigration Council ("AIC"). I have held this position since approximately February 2024. I represent AIC and LatinoJustice PRLDEF (collectively, "Plaintiffs") in this action brought pursuant to the Freedom of Information Act ("FOIA") and in administrative proceedings for the underlying FOIA requests.

2. The statements contained in this declaration are based upon my personal knowledge and my review of records kept by AIC in the ordinary course of business.

### II. Administrative Record for Plaintiffs' Request to Expedite the Processing of the EOIR EOIR-ERO Comms Request

3. Plaintiffs requested the Executive Office for Immigration Review ("EOIR") and the U.S. Department of Justice ("DOJ") to expedite the processing of the EOIR EOIR-ERO Comms Request (Request No. 2025-84742) based on 28 C.F.R. § 16.5(e)(1)(ii) and 28 C.F.R. § 16.5(e)(1)(iv) respectively in July 2025. ECF No. 1-1 § III is a true and correct copy of that request.

1

4.   EOIR denied expedited processing based on 28 C.F.R. § 16.5(e)(1)(ii) on July 30, 2025. ECF No. 1-2 is a true and correct copy of that denial.

5.   Plaintiffs renewed their request for expedited processing with EOIR on August 18, 2025. ECF No. 1-4 § IV is a true and correct copy of that renewal.

6.   Plaintiffs appealed EOIR's expedited processing denial to DOJ on August 27, 2025. ECF No. 1-5 is a true and correct copy of that appeal.

7.   DOJ designated Plaintiffs' appeal of the expedited processing denial as A-2025-02532. A true and correct copy of that designation is attached to this declaration as Exhibit A.

8.   DOJ reversed EOIR's denial of expedited processing and "remand[ed]" Plaintiffs' request to expedite the processing of the EOIR EOIR-ERO Comms Request based on 28 C.F.R. § 16.5(e)(1)(ii) to EOIR "for further processing" on September 4, 2025. ECF No. 1-6 is a true and correct copy of that remand.

9.   Plaintiffs reiterated their request for expedited processing on remand to EOIR on September 8, 2025. ECF No. 1-8 § V is a true and correct copy of that reiteration.

10. Plaintiffs followed up with EOIR and DOJ on the status of their request for expedited processing on October 13, 2025, and provided additional evidence for expedition. ECF No. 1-9 is a true and correct copy of that follow-up.

11. EOIR did not issue a decision on remand for Plaintiffs' request to expedite the processing of the EOIR EOIR-ERO Comms Request based on 28 C.F.R. § 16.5(e)(1)(ii) before Plaintiffs filed their complaint.

12. Nor did DOJ issue any decision on Plaintiffs' request to expedite the processing of the EOIR EOIR-ERO Comms. Request based on 28 C.F.R. § 16.5(e)(1)(iv) before Plaintiffs filed their complaint.

13. The administrative record for Plaintiffs' request to expedite the EOIR EOIR-ERO Comms. Request's processing is ECF No. 1-1 § III, ECF No. 1-2, ECF No. 1-4 § IV, ECF No. 1-5, ECF No. 1-6, ECF No. 1-8 § V, ECF No. 1-9, and Exhibit A.

**III. Administrative Record for Plaintiffs' Request to Expedite the Processing of the EOIR Arrest Guidance Request**

14. Plaintiffs requested EOIR and DOJ to expedite the processing of the EOIR Arrest Guidance Request (Request No. 2025-84733) based on 28 C.F.R. § 16.5(e)(1)(ii) and 28 C.F.R. § 16.5(e)(1)(iv) respectively in July 2025. ECF No. 1-10 § III is a true and correct copy of that request.

15. EOIR denied expedited processing of this request based on 28 C.F.R. § 16.5(e)(1)(ii) on July 30, 2025. ECF No. 1-11 is a true and correct copy of that denial.

16. Plaintiffs appealed EOIR's expedited processing denial to DOJ on August 15, 2025. ECF No. 1-15 § III is a true and correct copy of that appeal.

17. DOJ designated Plaintiffs' appeal as A-2025-02424. ECF No. 1-16 is a true and correct copy of that designation.

18. DOJ refused to expedite this appeal on August 26, 2025. ECF No. 1-17 at 2-4 is a true and correct copy of that refusal.

19. Plaintiffs asked DOJ over email on September 8, 2025, to reconsider its refusal to expedite this appeal for lacking consistency with its decision to reverse EOIR's refusal to expedite the processing of the other EOIR Requests at issue in this litigation. ECF No. 1-17 at 2 is a true and correct copy of that email.

20. DOJ did not adjudicate Plaintiffs' appeal of EOIR's decision to deny their request for expedited processing based on 28 C.F.R. § 16.5(e)(1)(ii) before Plaintiffs filed their complaint.

21. Nor did DOJ issue any decision on Plaintiffs' request to expedite the processing of the EOIR Arrest Guidance Request based on 28 C.F.R. § 16.5(e)(1)(iv) before Plaintiffs filed their complaint.

22. On January 12, 2026, DOJ closed A-2025-02424 due to this litigation. A true and correct copy of that closure is attached to this declaration as Exhibit B.

23. The administrative record for Plaintiffs' request to expedite the EOIR Arrest Guidance Request's processing is ECF No. 1-10 § III, ECF No. 1-11, ECF No. 1-15 § III, ECF No. 1-16, and ECF No. 1-17.

**IV. Administrative Record for Plaintiffs' Request to Expedite the Processing of the EOIR Dismissal Guidance Request**

24. Plaintiffs requested EOIR and DOJ to expedite the processing of the EOIR Dismissal Guidance Request (Request No. 2025-84734) based on 28 C.F.R. § 16.5(e)(1)(ii) and 28 C.F.R. § 16.5(e)(1)(iv) respectively in July 2025. ECF No. 39-1 § III is a true and correct copy of that request.

25. EOIR denied expedited processing of this request based on 28 C.F.R. § 16.5(e)(1)(ii) on July 30, 2025. ECF No. 39-2 is a true and correct copy of that denial.

26. Plaintiffs appealed the EOIR's expedited processing denial to DOJ on August 27, 2025. ECF No. 39-3 is a true and correct copy of that appeal.

27. DOJ designated Plaintiffs' appeal as A-2025-02531. A true and correct copy of that designation is attached to this declaration as Exhibit C.

28. DOJ reversed EOIR's denial of expedited processing and "remand[ed]" Plaintiffs' request to expedite the processing of the EOIR Dismissal Guidance Request based on 28 C.F.R. § 16.5(e)(1)(ii) to EOIR "for further processing" on September 4, 2025. ECF No. 1-6 is a true and correct copy of that remand.

4

29. EOIR administratively closed the EOIR Dismissal Guidance Request on September 25, 2025, without adjudicating Plaintiffs' request for expedited processing on remand.

30. Plaintiffs appealed the administrative closure to DOJ on November 21, 2025, and asked for expedited processing of their appeal. ECF No. 39-6 is a true and correct copy of the request for expedited processing on appeal.

31. DOJ designated this appeal as A-2026-00154. ECF No. 38-7 is a true and correct copy of that designation.

32. DOJ did not issue any decision on Plaintiffs' request to expedite the processing of the EOIR Dismissal Guidance Request based on 28 C.F.R. § 16.5(e)(1)(iv) or Plaintiffs' request to expedite their appeal of the administrative closure based on 28 C.F.R. § 16.5(e)(1)(ii), (iv) before Plaintiffs supplemented their complaint to add claims arising from the EOIR Dismissal Guidance Request and their request for expedited processing of this request.

33. DOJ remanded the EOIR Dismissal Guidance Request to EOIR for further processing on March 25, 2026, and denied Plaintiffs' request for expedited processing as moot despite lacking jurisdiction over these requests. A true and correct copy of that remand and denial is attached to this declaration as Exhibit D.

34. The administrative record for Plaintiffs' request to expedite the EOIR Dismissal Guidance Request's processing is ECF No. 1-6, ECF No. 39-1 § III, ECF No. 39-2, ECF No. 39-3, ECF No. 39-6, ECF No. 38-7, and Exhibit C.

### V. Administrative Record for Plaintiffs' Request to Expedite the Processing of the Intra-EOIR Comms Request

35. Plaintiffs requested EOIR and DOJ to expedite the processing of the Intra-EOIR Comms. Request (Request No. 2025-84744) based on 28 C.F.R. § 16.5(e)(1)(ii) and 28 C.F.R. §

16.5(e)(1)(iv) respectively in July 2025. ECF No. 39-8 § III is a true and correct copy of that request.

36. EOIR denied expedited processing of this request based on 28 C.F.R. § 16.5(e)(1)(ii) on August 5, 2025. ECF No. 39-9 is a true and correct copy of that denial.

37. Plaintiffs renewed their request for expedited processing with EOIR on August 18, 2025. ECF No. 39-11 § IV is a true and correct copy of that renewal.

38. Plaintiffs appealed the EOIR's expedited processing denial to DOJ on August 27, 2025. ECF No. 39-12 is a true and correct copy of that appeal.

39. DOJ designated Plaintiffs' appeal as A-2025-02530. A true and correct copy of that designation is attached to this declaration as Exhibit E.

40. DOJ reversed EOIR's denial of expedited processing and "remand[ed]" Plaintiffs' request to expedite the processing of the Intra-EOIR Comms Request based on 28 C.F.R. § 16.5(e)(1)(ii) to EOIR "for further processing" on September 4, 2025. ECF No. 1-6 is a true and correct copy of that remand.

41. EOIR administratively closed the Intra-EOIR Comms Request on September 30, 2025, without adjudicating Plaintiffs' request for expedited processing on remand.

42. Plaintiffs appealed the administrative closure to DOJ and asked for expedited processing of their appeal. ECF No. 39-6 is a true and correct copy of the request for expedited processing on appeal.

43. DOJ designated this appeal as A-2026-00155. ECF No. 39-15 is a true and correct copy of that designation.

44. DOJ did not issue any decision on Plaintiffs' request to expedite the processing of the Intra-EOIR Comms Request based on 28 C.F.R. § 16.5(e)(1)(iv) or Plaintiffs' request to expedite

their appeal of the administrative closure based on 28 C.F.R. § 16.5(e)(1)(ii), (iv) before Plaintiffs supplemented their complaint to add claims arising from the Intra-EOIR Comms Request and their request for expedited processing of this request.

45. DOJ affirmed EOIR's decision to close the Intra-EOIR Comms Request administratively on March 19, 2026, and denied Plaintiffs' request for expedited processing as moot despite lacking jurisdiction over these requests. A true and correct copy of that affirmance and denial is attached to this declaration as Exhibit F.

46. The administrative record for Plaintiffs' request to expedite the Intra-EOIR Comms. Request's processing is ECF No. 1-6, ECF No. 39-6, ECF No. 39-8 § III, ECF No. 39-9, ECF No. 39-11 § IV, ECF 39-12, ECF No. 39-15, and Exhibit E.

## VI. Administrative Record for Plaintiffs' Request to Expedite the Processing of the EOIR EOIR-OPLA Comms Request

47. Plaintiffs requested EOIR and DOJ to expedite the processing of the EOIR EOIR-OPLA Comms. Request (Request No. 2025-84746) based on 28 C.F.R. § 16.5(e)(1)(ii) and 28 C.F.R. § 16.5(e)(1)(iv) respectively in July 2025. ECF No. 39-16 § III is a true and correct copy of that request.

48. EOIR denied expedited processing of this request based on 28 C.F.R. § 16.5(e)(1)(ii) on August 5, 2025. ECF No. 39-17 is a true and correct copy of that denial.

49. Plaintiffs renewed their request for expedited processing with EOIR on August 18, 2025. ECF No. 39-19 § IV is a true and correct copy of that renewal.

50. Plaintiffs appealed the EOIR's expedited processing denial to DOJ on August 27, 2025. ECF No. 39-20 is a true and correct copy of that appeal.

51. DOJ designated Plaintiffs' appeal as A-2025-02533. A true and correct copy of that designation is attached as Exhibit G.

52. DOJ reversed EOIR's denial of expedited processing and "remand[ed]" Plaintiffs' request to expedite the processing of the EOIR EOIR-OPLA Comms Request based on 28 C.F.R. § 16.5(e)(1)(ii) to EOIR "for further processing" on September 4, 2025. ECF No. 1-6 is a true and correct copy of that remand.

53. EOIR administratively closed the EOIR EOIR-OPLA Comms Request on September 30, 2025, without adjudicating Plaintiffs' request for expedited processing on remand.

54. Plaintiffs appealed the administrative closure to DOJ and asked for expedited processing of their appeal. ECF No. 39-6 is a true and correct copy of the request for expedited processing on appeal.

55. DOJ designated Plaintiffs' appeal as A-2026-00156. ECF No. 39-23 is a true and correct copy of that designation.

56. DOJ did not issue any decision on Plaintiffs' initial request to expedite the processing of EOIR EOIR-OPLA Comms Request based on 28 C.F.R. § 16.5(e)(1)(iv) or Plaintiffs' request to expedite their appeal of the administrative closure based on 28 C.F.R. § 16.5(e)(1)(ii), (iv) before Plaintiffs supplemented their complaint to add claims arising from the EOIR EOIR-OPLA Comms Request and their request for expedited processing of this request.

57. DOJ affirmed EOIR's decision to close the EOIR EOIR-OPLA Comms Request administratively on March 19, 2026, and denied Plaintiffs' request for expedited processing as moot despite lacking jurisdiction over these requests. A true and correct copy of that affirmance and denial is attached as Exhibit H.

58. The administrative record for Plaintiffs' request to expedite the EOIR EOIR-OPLA Comms Request's processing is ECF No. 1-6, ECF No. 39-6, ECF No. 39-16 § III, ECF No. 39-17, ECF No. 39-19 § IV, ECF No. 39-20, ECF No. 39-23, and Exhibit G.

8

**VII. Administrative Record for Plaintiffs' Request to Expedite the Processing of the ICE ERO-EOIR Comms Request**

59. Plaintiffs asked U.S. Immigration and Customs Enforcement ("ICE") and the U.S. Department of Homeland Security to expedite the processing of the ICE ERO-EOIR Comms Request (Request No. 2025-ICFO-51684) based on based on 6 C.F.R. § 5.5(e)(1)(ii) and 6 C.F.R. § 5.5(e)(1)(iv) respectively in July 2025. ECF No. 1-18 § III is a true and correct copy of that request.

60. Plaintiffs supplemented the record for their expedite request on August 4, 2025. ECF No. 1-20 § IV is a true and correct copy of that supplementation.

61. Plaintiffs followed up on their expedite request on October 13, 2025, and provided additional evidence for expedition. ECF No. 1-23 is a true and correct copy of that follow-up.

62. Neither ICE nor DHS adjudicated Plaintiffs' request to expedite the ICE ERO-EOIR Comms Request's processing before Plaintiffs filed their complaint.

63. The administrative record for Plaintiffs' request to expedite the ICE ERO-EOIR Comms Request's processing is ECF No. 1-18 § III, ECF No. 1-20 § IV, and ECF No. 1-23.

**VIII. Administrative Record for Plaintiffs' Request to Expedite the Processing of the Intra-ICE Comms Request**

64. Plaintiffs asked ICE and DHS to expedite the processing of the Intra-ICE Comms Request (Request No. 2025-ICFO-51687) based on 6 C.F.R. § 5.5(e)(1)(ii) and based on 6 C.F.R. § 5.5(e)(1)(iv) in July 2025. ECF No. 1-24 § III is a true and correct copy of that request.

65. Plaintiffs supplemented the record for their expedite request on August 4, 2025. ECF No. 1-26 § IV is a true and correct copy of that supplementation.

66. Plaintiffs followed up on their expedite request on October 13, 2025, and provided additional evidence for expedition. ECF No. 1-23 is a true and correct copy of that follow-up.

67. Neither ICE nor DHS adjudicated Plaintiffs' request to expedite the Intra-ICE Comms Request's processing before Plaintiffs filed their complaint.

68. The administrative record for Plaintiffs' request to expedite the Intra-ICE Comms Request's processing is ECF No. 1-23, ECF No. 1-24 § III, and ECF No. 1-26 § IV.

## IX. Administrative Record for Plaintiffs' Request to Expedite the Processing of the ICE OPLA-EOIR Comms Request

69. Plaintiffs asked ICE and DHS to expedite the processing of the ICE OPLA-EOIR Comms Request (Request No. 2025-ICFO-51690) based on 6 C.F.R. § 5.5(e)(1)(ii) and 6 C.F.R. § 5.5(e)(1)(iv) respectively in July 2025. ECF No. 1-29 § III is a true and correct copy of that request.

70. Plaintiffs supplemented the record for their expedite request on August 4, 2025. ECF No. 1-31 § IV is a true and correct copy of that supplementation.

71. Plaintiffs followed up on their expedite request on October 13, 2025, and provided additional evidence for expedition. ECF No. 1-23 is a true and correct copy of that follow-up.

72. Neither ICE nor DHS adjudicated Plaintiffs' request to expedite the ICE OPLA-EOIR Comms Request's processing before Plaintiffs filed their complaint.

73. The administrative record for Plaintiffs' request to expedite the ICE OPLA-EOIR Comms Request's processing is ECF No. 1-23, ECF No. 1-29 § III, and ECF No. 1-31 § IV.

## X. Administrative Record for Plaintiffs' Request to Expedite the Processing of the OPLA Arrest Guidance Request

74. Plaintiffs asked ICE and DHS to expedite the processing of the OPLA Arrest Guidance Request (Request No. 2025-ICFO-51692) based on 6 C.F.R. § 5.5(e)(1)(ii) and 6 C.F.R. § 5.5(e)(1)(iv) respectively in July 2025. ECF No. 1-34 § III is a true and correct copy of that request.

75. ICE denied expedited processing based on 6 C.F.R. § 5.5(e)(1)(ii) on July 29, 2025. ECF No. 1-35 is a true and correct copy of that denial.

76. ICE again denied expedited processing based on 6 C.F.R. § 5.5(e)(1)(ii) on July 30, 2025. ECF No. 1-36 is a true and correct copy of that denial.

77. Plaintiffs appealed the expedited processing denials to ICE's Office of Principal Legal Advisor ("OPLA") on August 26, 2025, and asked OPLA and DHS to expedite the processing of that appeal based on 6 C.F.R. § 5.5(e)(1)(ii) and 6 C.F.R. § 5.5(e)(1)(iv) respectively. ECF No. 1-37 is a true and correct copy of their appeal.

78. ICE received Plaintiffs' appeal that day and designated it as 2025-ICAP-00415. ECF No. 1-38 is a true and correct copy of that designation.

79. ICE did not adjudicate Plaintiffs' appeal or their request to expedite its processing before Plaintiffs filed their complaint.

80. Nor did DHS adjudicate Plaintiffs' request to expedite the processing of the OPLA Arrest Guidance Request or their appeal based on 6 C.F.R. § 5.5(e)(1)(iv) before Plaintiffs filed their complaint.

81. The administrative record for Plaintiffs' request to expedite the OPLA Arrest Guidance Request's processing is ECF No. 1-34 § III, ECF No. 1-35, ECF No. 1-36, ECF No. 1-37, and ECF No. 1-38.

## XI. Administrative Record for Plaintiffs' Request to Expedite the Processing of the OPLA Dismissal Guidance Request

82. Plaintiffs asked ICE and DHS to expedite the processing of OPLA Dismissal Guidance Request (Request No. 2025-ICFO-51693) based on 6 C.F.R. § 5.5(e)(1)(ii) and 6 C.F.R. § 5.5(e)(1)(iv) respectively in July 2025. ECF No. 1-39 § III is a true and correct copy of that request.

83. ICE denied expedited processing based on 6 C.F.R. § 5.5(e)(1)(ii) on July 29, 2025. ECF No. 1-40 is a true and correct copy of that denial.

84. Plaintiffs appealed the expedited processing denial to OPLA on October 14, 2025, and asked OPLA and DHS to expedite the processing of that appeal based on 6 C.F.R. § 5.5(e)(1)(ii) and 6 C.F.R. § 5.5(e)(1)(iv) respectively. ECF No. 1-41 is a true and correct copy of their appeal.

85. ICE received Plaintiffs' appeal that day and designated it as 2026-ICAP-00012. ECF No. 1-42 is a true and correct copy of that designation.

86. ICE did not adjudicate Plaintiffs' appeal or their request to expedite its processing before Plaintiffs filed their complaint.

87. Nor did DHS adjudicate Plaintiffs' request to expedite the processing of the OPLA Dismissal Guidance Request or their appeal based on 6 C.F.R. § 5.5(e)(1)(iv) before Plaintiffs filed their complaint.

88. The administrative record of Plaintiffs' request to expedite the OPLA Dismissal Guidance Request's processing is ECF No. 1-40, ECF No. 1-41, ECF No. 1-42, and ECF No. 1-43.

*** 

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on: April 2, 2026

_____

Christopher ("Chris") Opila
Staff Attorney
American Immigration Council