

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 15, 2026

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

The Order entered March 10, 2026, does not require ICE to make furloughed staff available to facilitate the parties' negotiations.  To the extent Plaintiff seeks an Order requiring ICE to do so, the request is **DENIED** without prejudice to renewal in the parties' next status letter.  ICE shall continue to meet and confer with Plaintiffs on matters that do not require input of furloughed staff.

Dated: April 16, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    LatinoJustice PRLDEF, et al. v. U.S. Immigration & Customs Enforcement, et al.,
        25 Civ. 8516 (LGS)

Dear Judge Schofield:

        This Office represents defendants United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), the Executive Office for Immigration Review ("EOIR"), and the United States Department of Justice ("DOJ") (collectively, the "Government") in the above-referenced action filed by plaintiffs LatinoJustice PRLDEF and American Immigration Council ("Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA").  Plaintiffs' FOIA requests seek records and communications relating to ICE arrests and enforcement operations in or near immigration courts.  Pursuant to the Court's Memo Endorsement dated December 16, 2025 (ECF No. 29), the parties respectfully submit this joint status letter regarding the parties' negotiations for the search, processing, and production of remaining responsive non-exempt records. As explained further below, the parties also respectfully request clarification regarding whether the Court's March 10, 2026, order, (ECF No. 50), obligates the ICE FOIA Office to perform work for purposes of meeting-and-conferring with Plaintiffs on the FOIA requests at issue in this litigation and whether, if the Court's order provides no such obligation, ICE must request a partial stay.

### A.  Plaintiffs' FOIA Requests to ICE

        i.    Description of the ICE FOIA Requests

        This litigation concerns five FOIA requests that Plaintiffs submitted to ICE, dated July 29, 2025.  The first FOIA request (the "ICE ERO-EOIR Comms. Request") seeks external communications between one or more ICE Enforcement and Removal Operations ("ERO") custodians listed or categorized in Column A of the table below and one or more EOIR custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Director | The Chief Immigration Judge | Expedited removal |

| ICE Deputy Director | A Regional Deputy Chief Immigration Judge ("RDCJ") | An ICE enforcement operation in or near an immigration court |
|---|---|---|
| ICE Chief of Staff | An Assistant Chief Immigration Judge ("ACIJ") | An ICE arrest in or near an immigration court |
| ICE Associate Director of ERO | A court administrator | Dismissal or termination of immigration cases or proceedings in immigration court |
| The Director of ERO Field Operations | | |
| An Assistant Director of ERO Field Operations | | |
| An ERO Field Office Director | | |
| An ERO Field Office Deputy Director | | |

Compl., Ex. R (ECF No. 1-18).

Plaintiffs' second FOIA request to ICE (the "ICE Internal Comms. Request") seeks internal ICE communications between one or more ICE custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Associate Director of ERO | ICE Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| The Director of ERO Field Operations | ICE Executive Deputy Principal Legal Advisor | An ICE arrest in or near an immigration court |
| An Assistant Director of ERO Field Operations | ICE Deputy Principal Legal Advisor for Field Legal Operations | Dismissal or termination of immigration cases or proceedings in immigration court |
| An ERO Field Office Director | An ICE Office of the Principal Legal Advisor ("OPLA") Field Location's Chief Counsel | |
| An ERO Field Office Deputy Director | | |

Compl., Ex. X (ECF No. 1-24).

Plaintiffs' third FOIA request to ICE (the "ICE OPLA-EOIR Comms. Request") seeks external communications between one or more ICE OPLA custodians listed or categorized in

Column A of the table below and one or more EOIR custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Principal Legal Advisor | The Chief Immigration Judge | Expedited removal |
| ICE Executive Deputy Principal Legal Advisor | An RDCJ | An ICE enforcement operation in or near an immigration court |
| ICE Deputy Principal Legal Advisor for Field Legal Operations | An ACIJ | An ICE arrest in or near an immigration court |
| An ICE OPLA Field Location's Chief Counsel | A court administrator | Dismissal or termination of immigration cases or proceedings in immigration court |
| An ICE OPLA Field Location's Deputy Chief Counsel | | |

Compl., Ex. AC (ECF No. 1-29).

Plaintiffs' fourth FOIA request to ICE (the "ICE Arrest Guidance Request") seeks "all guidance, instructions, policies, and other similar records" circulated to the OPLA Assistant Chief Counsel, Deputy Chief Counsel, or Chief Counsel since January 20, 2025, about arrests of noncitizens at immigration courts by ICE ERO.  Id., Exh. AH (ECF No. 1-34).

Finally, Plaintiffs' fifth FOIA request to ICE (the "ICE Dismissal Guidance Request") seeks "all guidance, instructions, policies, templates, and other similar records" provided to an OPLA Chief Counsel, Deputy Chief Counsel, or Assistant Chief Counsel since January 20, 2025, about dismissals of immigration court cases.  Id., Exh. AM (ECF No. 1-39).

ii.    Status of the ICE FOIA Requests

As indicated in the parties' prior status report, ICE completed its searches for records responsive to the ICE Arrest Guidance and ICE Dismissal Guidance Requests and issued a final response on December 10, 2025.  *See* ECF No. 32.  The final response indicated that ICE had located and processed 20 pages of responsive records, determined that six pages were duplicative, and released the remaining 14 pages in full or in part.[1]  Plaintiffs are evaluating the claimed withholdings and asked the agency on December 15, 2025, to provide descriptions of its searches so that Plaintiffs can evaluate their reasonableness.  ICE was in the process of compiling those descriptions prior to the partial DHS shutdown, and will resume doing so once DHS reopens.

---

[1] ICE made an initial release of three pages of records responsive to the request for OPLA Dismissal Guidance on August 20, 2025, with portions of those pages withheld pursuant to FOIA exemptions. Unfortunately, Plaintiffs' counsel did not receive this communication. ICE re-released these three pages on December 10, 2025.

3

As explained in the parties' prior status reports, in connection with the searches for records responsive to the ICE ERO-EOIR Comms., ICE Internal Comms., and ICE OPLA-EOIR Comms. Requests (collectively, the "ICE Comms. Requests").  For the ICE ERO-EOIR Comms. Request, ICE pulled the email files of 35 custodians for Column A and 82 custodians for Column B.  For the ICE Internal Comms. Request, ICE pulled the email files of approximately 32 custodians for Column A and 5 custodians for Column B.  For the ICE OPLA-EOIR Comms. Request, ICE pulled the emails files of approximately 5 custodians for Column A and 82 custodians in Column B.

ICE made its first interim release in response to the ICE Comms. Requests on January 15, 2026.  As stated in the release letter, ICE processed 501 pages and 12 Excel spreadsheets of potentially responsive documents and released 34 pages in full or in part.  ICE determined that the remaining 467 pages and 12 Excel spreadsheets were non-responsive.  On February 12, 2026, ICE notified Plaintiffs that it had processed another 1,000 pages of potentially responsive records resulting from its search, and determined that none of those pages were responsive to the request. On February 14, 2026, ICE experienced a lapse in appropriations and its FOIA Office has been furloughed since then.  Accordingly, ICE has not completed any additional processing since then.

 In the parties last status report, we explained that, as discussed at the March 10, 2026, conference and ordered by the Court thereafter, ECF No. 50, we were meeting and conferring about the searches for these requests, more efficient ways to identify responsive records, and processing rates to the extent that they can do so without the assistance of the ICE FOIA Office or other furloughed staff. (ECF No. 51 at 4).

On March 12, 2026, Plaintiffs sent ICE a proposal for how to come up with search terms and further questions about the searches that ICE had already run. ICE reviewed Plaintiffs' proposal and questions. On April 9, 2026, the undersigned counsel notified Plaintiffs' counsel that it had shared Plaintiffs' questions regarding the searches that ICE had already run, but that ICE agency counsel needed the assistance of personnel from the ICE FOIA office, who were furloughed, in order to be able to respond. On April 14, 2026, ICE sent Plaintiffs a response regarding search terms that included a proposed set of search terms.  ICE did not need personnel from the ICE FOIA office in order to respond to Plaintiffs' proposal regarding search terms.

To help Plaintiffs evaluate ICE's proposed search terms, Plaintiffs asked ICE on April 15, 2026, to process a few dozen pages of emails between OPLA and EOIR staff in EOIR's second production that the agency had referred to ICE/DHS for processing. *See supra* § B.ii. Reviewing these emails will enable the parties to test whether ICE's proposed terms would locate known, responsive records.  ICE is evaluating this proposal, which was received today.

iii.    The Parties' Request for Clarification

The parties have different understandings of how the Court's March 10, 2026, order applies to ICE's obligations to meet-and-confer with Plaintiff about its searches and processing in this case given the partial DHS shutdown and whether ICE must seek a partial stay to not

compile a search description as promised due to this shutdown.[2] Accordingly, the parties respectfully request clarity from the Court as to whether ICE is required to make ICE FOIA Office personnel available, during the continued partial shutdown, for purposes of meeting-and-conferring with Plaintiffs about the FOIA requests at issue in this case

1.  ICE's Position

ICE's understanding of the March 10 conference and the Court's subsequent order, ECF No. 50, is that the government was directed to meet and confer about the ICE portion of Plaintiffs' requests only to the extent it could do so with the personnel currently authorized to work on FOIA matters during the ongoing partial lapse in DHS appropriations. Government counsel and the Court discussed this issue at length during the March 10 conference.  And the parties' **joint** status letter filed six days after the conference, ECF No. 54, further reflects this understanding: it stated that the parties were "meeting and conferring … to the extent that they can do so without the assistance of the ICE FOIA Office or other furloughed staff." (ECF No. 51 at 4).  Plaintiffs' belated suggestion that ICE has violated the spirit or letter of the Court's previous order is meritless.

As the Court is aware, the parties appeared for a pre-motion conference on March 10, 2026, to discuss Plaintiffs' anticipated motion for partial summary judgment on its claims for expedited processing (*see* Minute Entry at 3/10/2026), which has now been filed (*see* ECF Nos. 52-54).  During the conference, the parties explained that they believed it would be fruitful to continue to meet and confer regarding the searches that the agencies had already run and the protocol for searching going forward.  The parties also discussed whether ICE would be able to meet and confer regarding the searches in light of the partial DHS shutdown, which has rendered ICE's full-time FOIA staff generally unable to work on FOIA matters. Government counsel explained her understanding that the parties would be able to meet and confer about certain topics exclusively with DOJ and ICE counsel (who have been working through the shutdown), without the assistance of personnel in the ICE FOIA office, but that some issues might not be addressable if they required the assistance of the ICE FOIA office.  Later during the conference, the Court indicated that it was initially not inclined to call back furloughed employees to process records, but the Court stated that ICE should make an ICE FOIA office employee available to participate in the opposition to Plaintiffs' motion for expedited processing.

Following the conference, the court entered a written order stating that, "[a]s discussed at the conference, it is hereby ORDERED that the parties shall meet and confer regarding the search and processing of records." (ECF No. 50).  The Court also entered the briefing schedule for Plaintiffs' partial motion for summary judgment on its expedited processing claims that had been discussed at the conference and stated, as it had at the conference, that if the partial DHS shutdown had ended in time for DHS and ICE to participate in the opposition to the Plaintiffs' motion, it should make one employee available to participate in the opposition.  (*Id*.).

Since the conference, it has been the understanding of the undersigned counsel that ICE was not obligated to call back furloughed ICE FOIA Office employees for the purpose of

---

[2] The pre-motion conference does not appear to have been recorded, so the parties have not been able to obtain a transcript of its proceedings.

meeting-and-conferring on its searches.  That understanding is based on the undersigned counsel's explanation, during the conference, that there were certain things about which the parties could meet and confer, that would not require the agency to call back any furloughed employees.  In fact, ICE has been able to make a proposal to Plaintiffs regarding search terms during this time, which required liaising with employees in ICE Enforcement and Removal Operations.[3]  Further, the undersigned counsel's understanding was based on the fact that the Court was explicit regarding the circumstance in which ICE should call back an employee in connection with this case: to assist in DHS and ICE's opposition to Plaintiffs' motion.  And, as noted above, the parties' own joint status report less than a week after the conference expressly noted that "meeting and conferring … to the extent that they can do so without the assistance of the ICE FOIA Office or other furloughed staff." (ECF No. 51 at 4).  If Plaintiffs had a contrary understanding of the Court's order, they should have so indicated at that time.

Thus, the government has been faithfully carrying out its obligations under the Court's order, and has been seeking to meet and confer to the extent it can under the limitations of the current DHS appropriations lapse.  Nonetheless, ICE wishes to confirm its understanding and will abide by any further order.

2. Plaintiffs' Position

ICE's refusal to have furloughed staff finish compiling search descriptions for the ICE Arrest and Dismissal Guidance Requests is preventing the parties from meeting and conferring at all about these searches as ordered. This refusal undermines the spirit, if not the terms, of the Court's March 10, 2026, order. And even if it did not, absent a stay, the partial government shutdown does not excuse ICE from completing tasks it has told Plaintiffs and the Court that it would perform. The Court should compel ICE to finish compiling the search descriptions for the Guidance Requests for three reasons. First, records responsive to these requests have unique and ongoing public importance. Second, compilation requires minimal work from the furloughed ICE FOIA Office. Third, ordering ICE to perform these tasks is consistent with the March 10, 2026, order, and orders in analogous FOIA litigation.

Records responsive to the Guidance Requests have unique salience to the ongoing debate about the integrity of ICE deportation tactics that is partially shutting down the agency. Not only is one of the Democratic Party's demands for funding ICE that Congress prohibit the agency from arresting noncitizens in immigration courts. ECF No. 47-1. But the agency also revealed last month in litigation challenging these arrests that it misstated this tactic's guidance for months and obtained a ruling permitting these arrests to continue based on that misstatement that will have to be reconsidered. Letter at 2, *African Cmtys. Together v. Lyons*, 25-cv-6366 (S.D.N.Y. Mar. 24, 2026), ECF No. 77. "This 'bombshell' 'has sparked fury among attorneys and advocates[,] demands that those detained in the crackdown be freed,' and at least one

---

[3]    Plaintiffs note below that, in light of ICE's position "the parties cannot meet and confer at all about the agency's searches for records responsive to the ICE Arrest and Dismissal Guidance Requests."  As noted above, and in prior status letter, ICE had produced all records responsive to this request on December 10, 2025. Plaintiffs requested information from ICE about what searches ICE ran in connection with that FOIA request, and ICE agreed, as a courtesy to provide that information.  The partial shutdown is thus not frustrating Plaintiffs' attempt to get records responsive to this request, just Plaintiffs' attempt to get information about the methodology that ICE used to collect the records it already produced.

member of Congress to write a letter to ICE demanding answers." ECF No. 53 at 13 (quoting news articles); *see also id.* at 14 (citing additional "reporting on ICE's recent litigation 'error.'"). ICE's refusal to finish compiling search descriptions is delaying the public's access to records critical to this ongoing public debate (e.g., court-specific procedures for immigration court arrests mentioned in a record produced by ICE on December 10, 2025, but not located in ICE's initial search).

Compiling the search descriptions needed to meet and confer requires minimal work by the furloughed ICE FOIA Office. The Office was already "in the process of compiling those descriptions prior to the partial DHS shutdown." ECF No. 51 at 3. After compilation is complete, the Office's only role going forward during the meet and confer will be facilitating communication between agency counsel (who is not furloughed) and the programmatic staff who conducted the searches (and also are not furloughed)—communication that agency counsel and programmatic staff can do directly once they in contact. Clark Decl. ¶¶7-9, 15-17, *Nat'l Immigr. Project of the Nat'l Lawyers Guild v. U.S. Immigr. & Customs Enf't*, 25-cv-1878 (D.D.C. Mar. 25, 2026), ECF No. 24-1.

Ordering ICE to finish compiling search descriptions is consistent with the Court's March 10, 2026, order and other orders by the Court and its peers in analogous FOIA litigation. The Court ordered "the parties [to] meet and confer regarding the search and processing of records" notwithstanding the closure of ICE's FOIA Office. ECF No. 50. It further ordered DHS and ICE to make a furloughed employee available to oppose Plaintiffs' motion for partial summary judgment on their expedited processing claims—the sole, specific issue the parties identified during the pre-motion conference where the closure of the ICE FOIA Office would impair the advancement of this litigation. *Id.* Read together, these two orders obligate ICE to perform tasks needed to facilitate a meaningful meet and confer about agency searches and resolve related disputes during the partial government shutdown.[4]

As for other FOIA litigation, the Court and its peers have repeatedly ordered ICE to perform more tasks more onerous than providing a search description to advance FOIA litigation during the shutdown. Order, *Women's Refugee Comm'n v. U.S. Dep't of Homeland Sec.*, 25-cv-7982 (S.D.N.Y. Mar. 13, 2026), ECF No. 28 (denying ICE's request for a stay); *see also Univ. of Wash. v. U.S. Dep't of Homeland Sec.*, Case No. 2:24-cv-1872, 2026 WL 864702, at *3 (W.D. Wash. Mar. 30, 2026) (ordering ICE to proceed with summary judgment briefing); Order Granting Pls.' Mot to Compel, *Robert F. Kennedy Hum. Rts. v. U.S. Dep't of Homeland Sec.*, 25-cv-4349 (S.D.N.Y. Mar. 25, 2026), ECF No. 78 (ordering ICE to process records); Order, *Robert F. Kennedy Hum. Rts. v. U.S. Dep't of Homeland Sec.*, 25-cv-6541 (S.D.N.Y. Mar. 24, 2026), ECF No. 35 (same); Min. Order, *Democracy Forward Found. v. U.S. Dep't of Homeland Sec.*, 25-cv-4089 (D.D.C. Mar. 17, 2026) (same); Min. Order, *Nat'l Immigr. Project of the Nat'l*

---

[4] The parties' representation in a joint status report filed a few days after the Court's March 10, 2026, order that they were "meeting and conferring … to the extent that they can do so without the assistance of the ICE FOIA Office or other furloughed staff," ECF No. 51 at 4, reflects the status of the parties' meet and confer at that time, not Plaintiffs' understanding of the Court's order or ICE's obligations during the parties' meet and confer. Plaintiffs raise their understanding of the Court's order and these obligations here now that the partial government shutdown has become the longest in U.S. history without an apparent end in sight all while the public's interest in guidance for immigration court arrests has continued to grow.

*Lawyers Guild v. U.S. Immigr. & Customs Enf't*, 25-cv-1878 (D.D.C. Mar. 31, 2026) (ordering ICE to complete outstanding searches by the end of April); Order, *Ctr. for Const. Rts. v. U.S. Dep't of Def.*, 25-cv-6214 (S.D.N.Y. Apr. 15, 2026) (ordering ICE to "resume immediately [the] processing and production of the FOIA request at issue").

## B. Plaintiffs' FOIA Requests to EOIR

    i.    <u>Description of the EOIR FOIA Requests</u>

Plaintiffs submitted five FOIA requests to EOIR, dated July 28, 2025.  The first FOIA request (the "EOIR EOIR-ERO Comms. Request") seeks external communications between one or more EOIR custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Director | Expedited removal |
| An RDCIJ | ICE Deputy Director | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Chief of Staff | An ICE arrest in or near an immigration court |
| A court administrator | ICE Associate Director of ERO | Dismissal or termination of immigration cases or proceedings in immigration court |
| | The Director of ERO Field Operations | |
| | An Assistant Director of ERO Field Operations | |
| | An ERO Field Office Director | |
| | An ERO Field Office Deputy Director | |

Compl., Ex. A (ECF No. 1-1).

Plaintiffs' second FOIA request to EOIR (the "EOIR Arrest Guidance Request") seeks "all guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR" for ICE enforcement operations or arrests at or near an immigration court since January 20, 2025.  <u>Id.</u>, Ex. J (ECF No. 1-10).

Plaintiffs' third FOIA request to EOIR (the "EOIR Dismissal Guidance Request"), which was added to this litigation as part of Plaintiffs' supplemental complaint, filed on February 13, 2026, *see* ECF No. 39, seeks "all guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR for dismissing or terminating an

immigration case or proceeding issued since January 20, 2025." Suppl. Compl., Ex. A (ECF No. 39-1).

Plaintiffs' fourth request to EOIR (the "Intra-EOIR Comms. Request"), which was added to this litigation as part of Plaintiffs' supplemental complaint, seeks internal communications between one or more custodians listed or categorized in Column A of the table below and one or more custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | An Immigration Judge ("IJ") with a non-detained docket | An ICE enforcement operation in or near an immigration court |
| An RDCIJ | | An ICE arrest in or near an immigration court |
| An ACIJ | | Dismissal or termination of immigration cases or proceedings in immigration court |
| A court administrator | | |

Id. Ex. H (ECF No. 39-8).

Plaintiffs' fifth request to EOIR (the "EOIR EOIR-OPLA Comms. Request"), which was also added to this litigation as part of Plaintiffs' supplemental complaint, seeks external communications between one or more EOIR custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Principal Legal Advisor | Expedited removal |
| An RDCIJ | ICE Executive Deputy Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Deputy Principal Legal Advisor for Field Legal Operations | An ICE arrest in or near an immigration court |
| A court administrator | An ICE OPLA Field Location's Chief Counsel | Dismissal or termination of immigration cases or proceedings in immigration court |
| | An ICE OPLA Field Location's Deputy Chief Counsel | |

Id. Ex. P (ECF No. 39-16).

     ii.    Status of the EOIR FOIA Requests

As indicated in the parties' prior status letters, EOIR has completed its search for records responsive to the EOIR Arrest Guidance Request. *See* ECF No. 32. As a result of that search, it identified over 700 pages of potentially responsive records to process. EOIR processed the first 207 pages of those documents and produced them to Plaintiffs on March 11, 2026. Some of those pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination. EOIR made its second production, of 216 pages of those records, to Plaintiff on March 30, 2026. As with EOIR's first production, some pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.

As indicated in the last status report, EOIR pulled the email files of approximately 86 custodians for Column A and 39 custodians for Column B of the EOIR EOIR-ERO Comms. Requests. After searching those files using relevant search terms, EOIR identified over 1,000 emails. As directed by the Court at March 10, 2026 conference and ordered thereafter, the parties met and conferred concerning EOIR's searches during a call on March 27, 2026. Following that call, on April 8, Plaintiffs sent EOIR a proposed list of search terms as well as a proposal for how EOIR should conduct its searches. EOIR is still reviewing that proposal.

EOIR is still tasking its searches for the EOIR Dismissal Guidance Request, the Intra-EOIR Comms. Request, and the EOIR EOIR-OPLA Comms. Request since Plaintiffs added them to this litigation on February 13, 2026.

The parties thank the Court for its consideration of these matters and will file the next joint status letter by May 15, 2026.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2633
Tara.Schwartz@usdoj.gov
*Counsel for Defendants*

Cc:    All counsel (by ECF)

10