**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LATINOJUSTICE PRLDEF and AMERICAN
IMMIGRATION COUNCIL,

                          Plaintiffs,

                   -v-

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, U.S. DEPARTMENT OF
HOMELAND SECURITY, EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW, and U.S. DEPARTMENT
OF JUSTICE,

                          Defendants.

No. 25 Civ. 8516 (LGS)

**DECLARATION OF JENIFFER PEREZ SANTIAGO, EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW**

## I.    INTRODUCTION

I, Jeniffer Pérez Santiago, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.    I am Associate General Counsel for FOIA and Acting Senior FOIA Litigation Counsel under the Office of the General Counsel (OGC) at the Executive Office for Immigration Review (EOIR).  I have held this position for approximately four-and-a-half years.  I also serve as the Acting Supervisor for the FOIA Unit as needed.

2.    Prior to serving as Associate General Counsel for FOIA at EOIR, from March 2020 through October 2021, I was a Senior FOIA Analyst for the Consumer Financial Protection Bureau (CFPB).  As a Senior FOIA Analyst for the CFPB, I conducted quality control reviews of all FOIA requests.  In addition, I trained the FOIA team, stakeholders and senior CFPB personnel on FOIA related matters.

3.      Prior to my position at CFPB, from May 2019 through March 2020, I was a Senior FOIA Analyst for the Department of Energy.  In that position, I processed complex FOIA requests, appeals and litigation.

4.      In my role as Associate General Counsel (FOIA), my official duties and responsibilities include creating and implementing policy and procedures for the EOIR FOIA Program, conducting FOIA training for EOIR personnel, processing complex FOIA requests, and providing litigation support to Assistant U.S. Attorneys defending the agency in FOIA litigation matters and appeals.  In connection with my official duties, I am familiar with EOIR's procedures for responding to requests for information pursuant to provisions of the FOIA and the Privacy Act.

5.      The statements contained in this declaration are based upon my personal knowledge, my review of records kept by EOIR in the ordinary course of business, and information provided to me by other EOIR employees in the course of my official duties.

6.      I am familiar with the efforts of Department personnel to process the FOIA request that is the subject of this litigation, and I am in charge of coordinating the agency's search and processing efforts with respect to those requests.

7.      The purpose of this declaration is to respond to Plaintiffs' request for expedited processing in this action by: (1) explaining the five FOIA requests directed to EOIR at issue in Plaintiffs' complaint, EOIR's searches and processing of such requests; (2) outlining EOIR's standard procedures for processing FOIA requests; (3) providing information about EOIR's current FOIA burden; and (4) explaining EOIR's ability to process potentially responsive documents in this case in light of the aforementioned information.

## II.   PLAINTIFFS' FOIA REQUESTS TO EOIR

8.   I am familiar with the five FOIA requests made by Plaintiffs dated July 28, 2025, which are the subject of Plaintiff's First Supplemental Complaint (the "Supplemental Complaint"), filed on February 13, 2026.  *See* ECF No. 39.

9.   Request No. 2025-84742, defined in the Supplemental Complaint as the "EOIR-ERO Comms. Request" sought:

> [A]ll emails, correspondence, calendar entries, meeting notes, text messages, Signal messages, WhatsApp messages, Microsoft Teams messages, and other similar communication records between one or more individuals listed in Column A of the table below and one or more individuals listed in Column B about a topic listed in Column C from April 1, 2025, to the date of a reasonable search for responsive records.

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Director | Expedited removal |
| An RDCIJ | ICE Deputy Director | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Chief of Staff | An ICE arrest in or near an immigration court |
| A court administrator | ICE Associate Director of ERO | Dismissal or termination of immigration cases or proceedings in immigration court |
| | The Director of ERO Field Operations | |
| | An Assistant Director of ERO Field Operations | |
| | An ERO Field Office Director | |
| | An ERO Field Office Deputy Director | |

10.   Subsequent to the filing of the EOIR-ERO Comms. Request, I engaged with Plaintiffs about ways to clarify and narrow the scope of the request.  *See, e.g.*, ECF Nos. 1-7 (email correspondence between myself and counsel for Plaintiffs asking for

clarification on the request and explaining that search would encompass over 150 email accounts).

11. After litigation commenced in this action and as described in the parties' last status report, I worked to identify all of the individuals in Column A, and I liaised with ICE to identify all of the individuals in Column B.

12. Then I asked EOIR's Office of Information Technology to pull the relevant email files (86 custodians for Column A and 39 custodians for Column B) and conduct the electronic searches of emails.

13. After applying relevant search terms and reviewing the resulting records, EOIR determined that it did not have any records responsive to the EOIR-ERO Comms. Request.

14. Request No. 2025-84733, defined in the Supplemental Complaint as the "EOIR Arrest Guidance Request" seeks the following records:

> [A]ll guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR for ICE enforcement operations or arrests at or near an immigration court issued since January 20, 2025.

15. EOIR conducted a search in January 2026, which identified over 700 pages of potentially responsive records to process. EOIR has been processing those records, at a rate of around 200 pages per month.

16. EOIR processed the first 207 pages of those records and produced them to Plaintiffs on March 11, 2026. Some of those pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.

17. EOIR made its second production, of 216 pages of those records, to

4

Plaintiff on March 30, 2026. As with EOIR's first production, some pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.

18.    Request No. 2025-84734, was added to this litigation as part of the Supplemental Complaint, filed on February 13, 2026.  It is defined in the Supplemental Complaint as the "EOIR Dismissal Guidance Request" and seeks the following records:

> [A]ll guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR for dismissing or terminating an immigration case or proceeding issued since January 20, 2025.

19.    Request No. 2025-84744, was added to this litigation as part of the Supplemental Complaint, filed on February 13, 2026.  It is defined in the Supplemental Complaint as the "Intra-EOIR Comms. Request" and seeks the following records:

> All emails, correspondence, calendar entries, meeting notes, text messages, Signal messages, WhatsApp messages, Microsoft Teams messages, and other similar communication records between one or more individuals listed in Column A of the table below and one or more individuals listed in Column B about a topic listed in Column C from April 1, 2025, to the date of a reasonable search for responsive records.

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | An Immigration Judge ("IJ") with a non-detained docket | An ICE enforcement operation in or near an immigration court |
| An RDCIJ | | An ICE arrest in or near an immigration court |
| An ACIJ | | Dismissal or termination of immigration cases or proceedings in immigration court |
| A court administrator | | |

20.    Request No. 2025-84746, was added to this litigation as part of the Supplemental Complaint, filed on February 13, 2026.  It is defined in the Supplemental Complaint as "EOIR-OPLA Comms. Request" and seeks the following records:

All emails, correspondence, calendar entries, meeting notes, text messages, Signal messages, WhatsApp messages, Microsoft Teams messages, and other similar communication records between one or more individuals listed in Column A of the table below and one or more individuals listed in Column B about a topic listed in Column C from April 1, 2025, to the date of a reasonable search for responsive records.

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Principal Legal Advisor | Expedited removal |
| An RDCIJ | ICE Executive Deputy Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Deputy Principal Legal Advisor for Field Legal Operations | An ICE arrest in or near an immigration court |
| A court administrator | An ICE OPLA Field Location's Chief Counsel | Dismissal or termination of immigration cases or proceedings in immigration court |
|  | An ICE OPLA Field Location's Deputy Chief Counsel |  |

21. Since the EOIR Dismissal Guidance Request, the Intra-EOIR Comms. Request, and the EOIR-OPLA Comms. Request were only recently added to this litigation, EOIR is still in the process of tasking searches for responsive records.

## III. DESCRIPTION OF EOIR'S FOIA PROGRAM

22. The EOIR FOIA Unit is responsible for executing EOIR's FOIA Program pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a.

23. The EOIR FOIA Unit is comprised of the FOIA Service Center, which is currently made up of nine government information professionals and one contractor (sometimes referred to as "analysts"), and a separate group of FOIA Attorney Advisors from within EOIR's Office of General Counsel (OGC) (the "FOIA Attorney Advisors

Unit"). The FOIA Attorney Advisors Unit is made up of 3 lawyers, as described in more detail below.

24. A FOIA request may be submitted to EOIR through an online portal, known as the Public Access Link ("the PAL") or by other submission means.

25. When EOIR receives a FOIA request, the FOIA Service Center logs the request into an electronic database, and the request is automatically assigned a control number. FOIA Service Center analysts briefly review the FOIA request to make an immediate determination on whether the request seeks a Respondent's Record of Proceeding, in which case it is designated as Simple (Track 2), or other agency records, in which case it is designated as Complex (Track 3).

26. EOIR's FOIA Program also maintains an "Expedited" (or Track 1) designation, pursuant to 5 U.S.C. § 552(a)(6)(E)(iii). In order to comply with § 552(a)(6)(E)(iii), and process expedited requests "as soon as practicable," requests put on the "Expedited" track are moved to the front of the queue in either the Complex track (Track 3) or the Simple track (Track 2). Historically, Expedited requests have generally made up less than 20 requests per year over the last 5 years.

27. Requests for expedited processing are sent to the FOIA Attorney Advisors Unit for a legal determination on whether the requester is entitled to expedited processing based on factors laid out in the FOIA itself and implementing regulations. As provided by DOJ regulations, requests qualify for expedited processing when the requester demonstrates a compelling need for the information by demonstrating that (1) failure to obtain the requested information on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual, (2) the information is urgently needed by an individual primarily engaged in disseminating

7

information in order to inform the general public concerning actual or alleged federal government activity, or (3) failure to release the information would impair substantial due process rights or harm substantial humanitarian interests.

28. After a FOIA request is received, EOIR issues a letter to the requester: if the requester submitted their FOIA request through the online portal, the portal generates an acknowledgment letter and if the requester submitted their request by other means, the FOIA Service Center sends an acknowledgment letter or a combined acknowledgement/response letter to the requester. The acknowledgement letter includes the control number and other information related to fees, multi-tracking, approximate time to process, and resources to assist the requester.

29. The processing of Simple requests remains within the FOIA Service Center for the life of the request until closed. Simple requests are generally first- or third-party requests seeking a Respondent's Record of Proceeding generated by an immigration proceeding, including Immigration Judge decisions and orders and Board of Immigration Appeals ("BIA" or "Board") decisions related to a particular Respondent.

30. When I refer to "processing" documents in FOIA, I am referring to the entire process during which EOIR reviews documents for responsiveness, removes duplicates, assesses whether any redactions are required for applicable FOIA exemptions, applies any such redactions, obtains necessary internal and external clearances, and releases the non-exempt portions of any responsive documents to the requester. To my knowledge, this is the manner in which all currently applicable court orders regarding processing rates use the term "processing." Not all documents that are processed in FOIA are produced to requesters, as some documents are determined to be non-responsive or duplicative and some documents are withheld in full under one of the

FOIA exemptions.  Indeed, in many cases, the number of documents produced in any given month is significantly smaller than the number of documents that were processed that month, and there is no good way to predict the ratio of processed pages to produced pages in any given month.

31.     When a FOIA request is determined by the FOIA Service Center to be Complex, a government information specialist within the FOIA Service Center forwards the request to me.  I then assign the request to either myself, the other Associate General Counsel in the FOIA Attorney Advisors Unit, or to the other Attorney Advisor from OGC, who has been tasked to assist with processing Complex requests for human resource records, *see infra* ¶ 53.  The attorney assigned to the request then manages, processes, and/or delegates a response to the request.  Complex requests remain with the FOIA Attorney Advisors Unit for the life of the request until closed.

32.     The processing of Complex requests is typically handled exclusively by the FOIA Attorney Advisors Unit.  The FOIA Service Center does not typically assist in processing Complex requests; in practice that means that all processing of Complex requests, including the review of each record for responsiveness, removing duplicates, applying redactions to withholdings, is handled by an attorney within the FOIA Attorney Advisors Unit.

33.     Complex requests are generally requests seeking agency records other than a Respondent's Record of Proceeding and generally require collection of records from one or more program offices (including field offices), involve a search for numerous records necessitating a wide-ranging search, and/or involve processing of voluminous records.  In accordance with standard FOIA processing practice, FOIA requests are

processed in the order received absent a grant of "Expedited" (Track 1) processing, generally referred to as a "First-in, First-out" system.

34.     For Complex requests, the first step is to identify which program offices, based on experience and knowledge of EOIR's program offices, within EOIR are reasonably likely to possess records responsive to that request (assuming any exist) and to initiate searches within those program offices. Once the appropriate program office(s) is/are identified for a given request, FOIA points of contact ("FOIA POCs") within each of those program offices are provided with a copy of the FOIA request and/or a detailed description of the request.

35.     FOIA POC(s) then review(s) the FOIA request along with any case-specific instructions that may have been provided, and based on their experience and knowledge of their program office practices and activities, forward(s) the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any.

36.     EOIR's organizational chart illustrates that the agency is organized as follows:  the Office of the Director ("OOD") and seven components thereunder, specifically, the BIA, the Office of the Chief Administrative Hearing Officer ("OCAHO"), the Office of the Chief Immigration Judge ("OCIJ"), the Office of the General Counsel ("OGC"), the Office of Administration ("OA"), the Office of Information Technology ("OIT"), and the Office of Policy ("OP"). *See* https://www.justice.gov/eoir/eoir-organization-chart/chart. Several sub-components fall under OOD, including the Planning, Analysis, and Statistics Division ("PASD"), the Office of Legal Access Programs ("OLAP"), and the Office of Equal Employment Opportunity ("EEO"). *See* https://www.justice.gov/eoir /office-of-the-director.

10

Additionally, several sub-components fall under OP, including, the Communications and Legislative Affairs Division ("CLAD"), the Immigration Law Division ("ILD"), and the Legal Education and Research Services Division ("LERS").

37. In accordance with the EOIR FOIA Unit's instructions, the individuals and component offices are directed to conduct searches of their file systems, which in their judgment, based on their knowledge of the manner in which they routinely keep records, would be the file systems likely to contain responsive documents. Once those searches are completed, the individuals and component offices provide any potentially responsive records to their program office's POC, who in turn provides the records to the FOIA supervisory attorney advisor, me, other associate general counsel, or attorney advisor, who manage, process, and/or delegate tasking of Complex (Track 3) requests.

38. The attorney within the FOIA Attorney Advisors Unit responsible for the request then performs a line-by-line review of each document to determine whether the document is responsive to the request, whether it contains any sensitive information that must be withheld under one of the nine FOIA exemptions, and whether it contains information belonging to other equity holders, such as other federal agencies or third parties.

39. During this process, the attorney within the FOIA Attorney Advisors Unit responsible for the request consults other EOIR employees as appropriate. These consultations often occur more than once in the process and are extremely important to inform EOIR's decision about the applicability of any FOIA exemption, particularly when the documents being reviewed were created shortly before they were requested under FOIA. The employees with whom the FOIA Attorney Advisors Unit consult are the most knowledgeable parties concerning the sensitivity of the documents or subject

matter at issue.

40.     Additionally, if the relevant attorney from the FOIA Attorney Advisors Unit determines that a document originated with the EOIR, but contains another federal agency's or other executive branch component's information, that attorney will send that document to the relevant entity for consultation.  If the attorney determines that a document originated with another federal agency or other executive branch component, s/he redacts any EOIR information that EOIR is proposing to withhold under the FOIA and sends the document to that federal agency for review and direct reply to the requester.  EOIR will also refer a document to an outside organization whenever the organization's confidential business information may be at issue.

41.     After completing the internal and external consultation processes, the attorney redacts any information that must be withheld under the FOIA and marks documents that EOIR will release in full or in part with the required stamps, indicating the release determinations and FOIA exemptions applied.

42.     After this process is completed, EOIR provides processed documents to the requester with a cover letter indicating that responsive documents were located, which exemptions were applied to documents withheld in full (if any), and whether the requester should expect to receive additional release determinations from EOIR.  EOIR also provides an explanatory letter in the event that no responsive documents were located, all responsive documents were withheld in full, or when EOIR can neither confirm nor deny the existence of documents.

## IV.    THE EOIR FOIA UNIT'S CURRENT WORKLOAD

43.     Over the past decade, public awareness of FOIA has increased, especially

through the release of records online where they can be quickly disseminated throughout the world.  During this same time, the number of FOIA requests submitted to federal government agencies, including EOIR, has continued to increase, and the number of electronic records identified in response to these requests has grown significantly.  EOIR has received thousands of requests annually throughout this period, and EOIR's FOIA resources have been overburdened as a result.  This burden is evident in the EOIR's FOIA caseload and in the queue of FOIA litigation cases, both of which are significantly higher than they were a decade ago.

44.    There has recently been a significant amount of turnover in the EOIR FOIA Unit.  First, the FOIA Service Center recently lost a contract with over 60 individuals, who were largely responsible for processing Simple requests.  At present, EOIR has four contractors as part of its FOIA Service Center.  Thus, the nine government information specialists and four contractors are responsible for processing the tens of thousands of Simple requests that the agency gets each year, a workload that until recently, was spread out over dozens more employees.  EOIR is actively engaged in seeking to hire additional contractors and  find other sources of FOIA processing capacity, including for Complex requests.  However, to date, these efforts have not yet brought in any additional resources for processing Complex requests.

45.    The FOIA Attorney Advisors Unit has also recently experienced significant turnover and loss of personnel due to different reasons, including the Deferred Resignation Program offered last year.

46.    The FOIA Attorney Advisors Unit previously had a Supervisory Attorney Advisor, who both assisted in managing the FOIA Attorney Advisors Unit and was himself responsible for processing Complex requests.  However, he left the agency last

13

year.

47.     Further, the FOIA Attorney Advisors Unit also lost two attorneys in January 2026, who had assisted with processing Complex requests—a DOJ Honors attorney and another attorney on detail from the Office of the Chief Immigration Judge.

48.     The FOIA Attorney Advisors Unit also had a legal assistant until December 2025, when she left the agency.

49.     Accordingly, at the present moment, there are significantly fewer people processing Complex requests than in the agency's recent past.

50.     For the most part, at present, all Complex requests are currently being handled either by myself or the other Associate General Counsel.  I am currently processing 28 Complex requests, including the five submitted by Plaintiffs.  The other Associate General Counsel is handling 76 Complex requests.

51.     Based on my four-and-a-half years in the FOIA Attorney Advisors Unit, given the recent turnover, the present circumstance is unusual in how little resources we have to manage Complex requests.

52.     On Monday, February 23, 2026, a Supervisory Attorney Advisor started in the FOIA Attorney Advisors Unit.  However, this Supervisory Attorney Advisor is overseeing the processing of Simple requests and working on policy decisions.  He is not currently processing any Complex requests.

53.     On Wednesday, February 25, 2026, an additional Attorney Advisor was pulled from the Employee/Labor Relations Unit of OGC to temporarily support the processing of Complex requests.  However, he has been tasked only with handling FOIA requests from former EOIR employees, seeking records from EOIR's human resources department.  He was pulled in to assist with processing these type of Complex

requests because the agency has seen a large uptick in FOIA requests submitted by former EOIR employees.  At present he is handling 43 of these types of FOIA requests. He is not processing other types of Complex requests because he maintains his other non-FOIA OGC duties.

54.    EOIR currently has fifteen cases in active FOIA litigation.

55.    EOIR's standard processing rate for Complex requests is 200 pages per month.  That is the fastest rate that the other Associate General Counsel and I are able to process records given our various responsibilities and workload.

56.    While we have, at times, asked the FOIA Service Center or other OGC attorneys, who are not part of the FOIA Attorney Advisors Unit, to assist in processing Complex requests, those offices currently have no resources available to assist.

57.    This is the case even though EOIR has received a generally increasing number of FOIA requests over the last several years, including a generally increasing number of Complex requests.  This chart reflects the number of FOIA requests and Complex requests that EOIR has received in the last several Fiscal Years.

| Fiscal Year | Total FOIA Requests | Complex Requests |
| --- | --- | --- |
| 2020 | 48,885 | 314 |
| 2021 | 60,996 | 222 |
| 2022 | 56,544 | 1,035 |
| 2023 | 70,475 | 485 |
| 2024 | 87,842 | 522 |

58.    For Fiscal Year 2025, the agency has estimated that it received a total of 103,000 FOIA requests, including approximately 500 Complex requests.  However, those figures have yet to be finalized for purposes of the agency's FOIA reporting, and are subject to change until then.

59.    To the extent that the FOIA requests at issue in this litigation are processed

at a rate greater than 200 pages per month, that would mean I have to prioritize the FOIA requests at issue in this litigation over the 28 other Complex requests I am handling. Thus, any faster processing in this case comes at the expense of all other requesters seeking information from the government.

60. I understand that Plaintiffs have demanded EOIR process at a rate of 5,000 pages per month. That is not possible, given the workload that I and the other Associate General Counsel currently bear. In my approximately four-and-a-half years at EOIR, we have never been able to process a Complex request at any rate close to 5,000 pages per month.

61. Processing at a greater rate would cause significant and long-lasting delays to EOIR's FOIA processing of other, Complex first-in-time requests.

62. In light of EOIR's FOIA burden and its extremely limited resources, the maximum commitment EOIR can offer in this case at the present time is to process potentially responsive records at a rate of 200 pages per month. This processing rate will provide documents to the Plaintiffs "as soon as practicable," in light of the aforementioned burdens and challenges.

## V.    EOIR MUST PROCESS THE RELEVANT RECORDS

63. I understand Plaintiffs believe that DOJ should or could contribute resources to EOIR's processing of their FOIA requests.

64. EOIR, not DOJ, is responsible for processing the subject records.

65. DOJ's regulations state that it has a "decentralized system for processing records, with each component handling requests for its records." 28 C.F.R. § 16.1(c);

66. The regulations further state that, except in instances not relevant here, "the

16

component that first receives a request for a record and maintains that record is the component responsible for responding to that request." 28 C.F.R. § 16.4(a).

67.    Since EOIR was both the recipient of the FOIA requests at issue and is the component that maintains the subject records, EOIR is the component responsible for responding to the requests.

68.    DOJ regulations also state that: "[w]hen reviewing records located by a component in response to a request, the component shall determine whether another component or another agency of the Federal Government is better able to determine whether the record is exempt from disclosure under the FOIA." 28 C.F.R. § 16.4(d). DOJ regulations require that when records originated with the component processing the request but contain within them information of interest to another component, agency, or other Federal Government office, the component processing the request should typically consult with that other component or agency prior to making a release determination. *Id*. at § 16.4(d)(1).  When the component processing the request believes that a different component, agency or other Federal Government office is best able to determine whether to disclose the record, the component typically should refer the responsibility for responding to the request regarding that record. *Id*. at § 16.4(d)(2).

69.    It would not be practical for DOJ to have its own FOIA processors review the records at issue here.  Since the records originated within EOIR or are otherwise maintained by EOIR, it is EOIR, rather than DOJ that is responsible for determining whether any responsive records are exempt from disclosure.  If DOJ processors review the records at issue here, they will either need to consult with EOIR or end up referring the records back to EOIR for processing.  This will result in a situation where there are

two individuals processing records: someone within DOJ and myself. But I will still be required to review all of the pages of records before they are shared with Plaintiffs and thus, this will actually hinder, rather than speed up the processing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated the 24th day of April 2026.

JENIFFER PEREZ SANTIAGO
Digitally signed by JENIFFER PEREZ SANTIAGO
Date: 2026.04.24 14:54:47 -04'00'

Jeniffer Pérez Santiago
Associate General Counsel (FOIA)
Acting Sr. FOIA Litigation Counsel