**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

LATINOJUSTICE PRLDEF, *et al.*,

       Plaintiffs,

       v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, *et. al.*,

       Defendants.

Civil Action No. 25-8516 (LGS)


**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THEIR
EXPEDITED PROCESSING CLAIMS**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.  Defendants Are Not Processing Plaintiffs' Requests as Soon as Practicable ........................ 1

        A. Processing the EOIR Requests at the Agency's "Usual" Rate Is Not Expedition ........ 3

        B. ICE Has No Valid Evidence of Inability to Process the ICE Requests Faster .............. 5

    II.  Defendants Have Not Finished Processing Any of Plaintiffs' FOIA Requests ..................... 6

    III. Plaintiffs' Proposed Processing Schedule ........................................................................... 8

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Brennan Ctr. for Just. at N.Y. Univ. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540 (S.D.N.Y. 2018) ............................................................................................................ passim

*Carney v. U.S. Dep't of Just.*, 19 F.3d 807 (2d Cir. 1994)............................................................. 3

*Ctr. to Advance Sec. in Am. v. USAID*, Civil Action No. 24-3505, 2025 WL 763735 (D.D.C. Mar. 11, 2025) ............................................................................................................ 4

*Documented NY v. U.S. Dep't of State*, No. 20-cv-1946, 2021 WL 4226239 (S.D.N.Y. Sept. 16, 2021) ............................................................................................................ 2

*Elec. Frontier Found. v. Off. Dir. of Nat'l Intel.*, No. C 07-5278, 2007 WL 4208311 (N.D. Cal. Nov. 27, 2007)............................................................................................................ 3

*Ferguson v. FBI*, 722 F. Supp. 1137 (S.D.N.Y. 1989)................................................................... 8

*Fiduccia v. U.S. Dep't of Just.*, 185 F.3d 1035 (9th Cir. 1999) ..................................................... 4

*Judicial Watch, Inc. v. U.S. Dep't of Energy*, 191 F. Supp. 2d 138 (D.D.C. 2002) ....................... 8

*N.Y. Times Co. v. Dep't of Def.*, No. 19-cv-9821, 2022 WL 1547989 (S.D.N.Y. Apr. 21, 2022) ............................................................................................................ 2, 3

*NAACP LDF v. HUD*, No. 07 Civ. 3378, 2007 WL 4233008 (S.D.N.Y. Nov. 30, 2007) .............. 8

*Natural Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41 (D.D.C. 2002) ....................... 8

*Open Society Just. Initiative v. CIA*, 399 F. Supp. 3d 161 (S.D.N.Y. 2019) ................................. 8

*Sanchez Mora v. U.S. Customs & Border Prot.*, Civil Action No. 24-3136, 2025 WL 1713252 (D.D.C. June 18, 2025) ............................................................................................................ 5

*Stevens v. U.S. Dep't of Health & Hum. Servs.*, 666 F. Supp. 3d 734 (N.D. Ill. 2023)........... 3, 4, 6

**Statutes**

5 U.S.C. § 552 ............................................................................................................ 1

Department of Justice Appropriations Act, 2026, Pub. L. No. 119-74, 140 Stat. 5 (2026) ............ 4

One Big Beautiful Bill Act, Pub. L. No. 199-21, 139 Stat. 72 (2025)........................................... 6

**Regulations**

28 C.F.R. § 16.1 ............................................................................................................ 4

28 C.F.R. § 16.3 ............................................................................................................ 4

28 C.F.R. § 16.4 ............................................................................................................ 4

28 C.F.R. § 16.5 ............................................................................................................ 5

**Filings on Other Dockets**

Decl. of Kenneth N. Clark, *Nat'l Immigr. Project of the Nat'l Laws. Guild v. U.S. Immigr. & Customs Enf't*, 25-cv-1878 (D.D.C. Mar. 25, 2026), ECF No. 24-1 ......................................... 7

Decl. of Jeniffer Pérez Santiago, *AIC v. EOIR*, No. 23-cv-1952 (D.D.C. July 22, 2024), ECF No. 25-3 ............................................................................................................ 8

Fourth Decl. of M. David Arnold, *Nightingale v. USCIS*, No. 3:19-cv-3512 (N.D. Cal. Sept. 15, 2025), ECF No. 188-1 ................................................................................................ 6

**<u>Other Authorities</u>**

Cong. Resch. Serv., R48643, Overview of FY2026 Appropriations for Commerce, Justice, Science, and Related Agencies (CJS) (2026), https://tinyurl.com/484vehs5 ............................. 5

Dep't of Homeland Sec., Fiscal Year 2024 Freedom of Information Act Report to the Attorney General of the United States and the Director of Government Information Services (2025), https://tinyurl.com/bdzzpp83 ................................................................................................ 6

Julia Ainsley & Laura Strickler, *ICE Tells Officers to Curtail Court Arrests, Stop Entering Homes Without Warrants*, NBC News (Apr. 23, 2026, 5:00 AM EDT), https://tinyurl.com/3nxpnees ................................................................................................ 1

Maria Sacchetti, *Trump Officials Hire 'Deportation Judges' with Less Training, Experience*, The Washington Post (Apr. 27, 2026), https://tinyurl.com/54ecpyyh ................................................. 1

Nicholas Nehamas et al., *How Trump Purged Immigration Judges to Speed Up Deportations*, N.Y. Times (Apr. 9, 2026), https://tinyurl.com/2nkk28kn ........................................................... 1

U.S. Dep't of Just., Off. of Info. Policy, Chief FOIA Officer Reports 2025, https://www.justice.gov/oip/chief-foia-officer-reports-2025 (last updated Apr. 8, 2026) .......... 6

**INTRODUCTION**

Defendants do not dispute that Plaintiffs' requests for records about their contentious deportation tactic warrant expedited processing. Instead, they argue that they have been processing these requests as fast as their resources allow the entire time. This new position does not withstand scrutiny. Defendants have released only a few hundred pages of records in nine months, not yet searched for records responsive to several requests, and slow-walked the parties' meet and confer about their searches for other requests. EOIR's proposal to review records at its "standard" rate of 200 pages per month is not expedition or justified by resource limitations the agency itself created and chooses not to remedy. ICE's proposal is little better, offering to process 250 pages per month more than normal (1,000 instead of 750) without any valid explanation for why it cannot process more. Defendants' proposals reduce expedited processing to a dead letter, supplant Congress's scheme for FOIA liability and prioritization, and threaten to leave the public's ongoing[1] concerns with their deportation tactic unmet until 2028, if not beyond. Plaintiffs respectfully request the Court to grant their motion for partial summary judgment on their expedited processing claims and set a processing schedule commensurate with the unique and ongoing public need for records responsive to their requests.

**ARGUMENT**

**I.    Defendants Are Not Processing Plaintiffs' Requests as Soon as Practicable**

Defendants are not processing Plaintiffs' requests "as soon as practicable" as FOIA requires for expedited requests. 5 U.S.C. § 552(a)(6)(E)(iii). Practicality is a multifactor inquiry

---

[1] Media coverage of Defendants' deportation tactic and the associated public concern continues. *See, e.g.*, Maria Sacchetti, *Trump Officials Hire 'Deportation Judges' with Less Training, Experience*, The Washington Post (Apr. 27, 2026), https://tinyurl.com/54ecpyyh; Julia Ainsley & Laura Strickler, *ICE Tells Officers to Curtail Court Arrests, Stop Entering Homes Without Warrants*, NBC News (Apr. 23, 2026, 5:00 AM EDT), https://tinyurl.com/3nxpnees; Nicholas Nehamas et al., *How Trump Purged Immigration Judges to Speed Up Deportations*, N.Y. Times (Apr. 9, 2026), https://tinyurl.com/2nkk28kn.

that considers requests' breadth and complexity; responsive records' sensitivity; and agency

resource constraints, bad faith, and obligations to other expedited requests. *Brennan Ctr. for Just.*

*at N.Y. Univ. Sch. of L. v. U.S. Dep't of State*, 300 F. Supp. 3d 540, 549-50 (S.D.N.Y. 2018); *see*

*also N.Y. Times Co. v. Dep't of Def.*, No. 19-cv-9821, 2022 WL 1547989, at *1 (S.D.N.Y. Apr. 21,

2022). "Vague assertions" of breadth, complexity, and sensitivity—such as Defendants'

unspecified concerns with the breadth, burdens, and descriptions of some of Plaintiffs' requests,[2]

Opp'n 4, 19[3]—do not justify delay. *Documented NY v. U.S. Dep't of State*, No. 20-cv-1946, 2021

WL 4226239, at *2 (S.D.N.Y. Sept. 16, 2021). Nor do obligations to non-expedited requests.

*Brennan Ctr.*, 300 F. Supp. 3d at 549.

Defendants "bear[] the burden of presenting 'credible evidence'" to show that they are

processing Plaintiffs' requests "as soon as practicable." *Documented NY*, 2021 WL 4226239, at

*2 (quoting *Brennan Ctr.*, 300 F. Supp. 3d at 549). Their declarations are "accorded a

presumption of good faith" absent "conflicting information."[4] *Carney v. U.S. Dep't of Just.*, 19

F.3d 807, 812-13 (2d Cir. 1994) (citation omitted). But the Court has "the authority, and perhaps

---

[2] Defendants claim to have "significant concerns" with the descriptions and burdens for some of Plaintiffs' requests. Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Partial Summ. J. 4, ECF No. 59 ("Opp'n"). But their conduct shows otherwise. Defendants have not raised these concerns in litigation until now. *See generally* First Joint Status Letter, ECF No. 25; Second Joint Status Letter, ECF No. 32; Third Joint Status Letter, ECF No. 40; Defs.' Resp. to Pls.' Letter for Pre-Mot. Conf., ECF No. 45; Fourth Joint Status Letter, ECF No. 51; Fifth Joint Status Letter, ECF No. 57 ("Fifth JSL"). Instead, they have represented that "an answer" raising such affirmative defenses "is not necessary for the next steps in litigation" and asked the Court to adjourn their answer deadline. *See* Order Granting Defs.' Mot. to Stay Answer Deadline 2, ECF No. 44. The Court should not credit concerns that Defendants have declined to plead, let alone prosecute. *Cf.* Fifth JSL 6 (urging the Court not to sustain Plaintiffs' understanding of an order since Plaintiffs did not raise the issue in the joint status report following that order).

[3] Pin citations to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

[4] ICE's and EOIR's declarants each make statements inconsistent with past agency representations to the Court. *Compare* Decl. of Fernando Pineiro ¶ 51, ECF No. 60 ("Pineiro Decl.") (attesting that "ICE FOIA employees were recalled to duty" on April 13, 2026), *with* Fifth JSL 3-5, (stating two days later that the ICE FOIA Office remained furloughed and could not work on Plaintiffs' requests); *Compare* Decl. of Jeniffer Pérez Santiago ¶ 13, ECF No. 61 ("Santiago Decl.") (attesting that EOIR did not locate records responsive to the EOIR-ERO Comms Request in its search), *with* Fifth JSL 10 (stating that the agency was "still reviewing" Plaintiffs proposal for that search as part of the parties' meet and confer). Inconsistencies about such basic information cast doubt on the reliability of the agencies' representations on more complex issues like resource constraints.

the obligation, to scrutinize closely agency delay" and exercise its "broad discretion to determine a reasonable processing rate for" Plaintiffs' requests. *N.Y. Times Co.*, 2022 WL 1547989, at *1 (citation omitted). Defendants' proposals do not survive such scrutiny.

### A. Processing the EOIR Requests at the Agency's "Usual" Rate Is Not Expedition

By definition, processing the EOIR Requests at the agency's "standard" rate of just 200 pages per month, Santiago Decl. ¶¶ 55, 59, is not expedition. Applying a "normal processing rate" to expedited requests "write[s] the requirement for expedited processing out of the statute." *Stevens v. U.S. Dep't of Health & Hum. Servs.*, 666 F. Supp. 3d 734, 746 (N.D. Ill. 2023); *see also Brennan Ctr.*, 300 F. Supp. 3d at 548 (expedition requires "processing more quickly than otherwise would occur'" (emphasis and citation omitted)). None of EOIR's proffered justifications support such a paltry, typical rate.

First, EOIR refuses to allocate more than part of one employee's time to the requests lest doing so delay the "processing of other, first-in-time requests." Opp'n 16 (citing Santiago Decl. ¶ 61). This resource allocation is "wholly inadequate." *Elec. Frontier Found. v. Off. Dir. of Nat'l Intel.*, No. C 07-5278, 2007 WL 4208311, at *6 (N.D. Cal. Nov. 27, 2007) (requiring an agency to assign more than "a single agent" from its "small FOIA staff" to "handl[e] an expedited request"). Prioritizing non-expedited requests over Plaintiffs' requests is also impermissible, be it "task[ing]" an attorney pulled from EOIR's Office of General Counsel with "FOIA requests from former EOIR employees, seeking records from EOIR's human resources department," Santiago Decl. ¶ 53, or refusing to process Plaintiffs' requests "at the expense of … other requesters seeking information from the government," *see id.* ¶ 59. "[P]rocesing expedited FOIA cases takes precedence over processing other non-expedited FOIA cases." *Brennan Ctr.*, 300 F. Supp. 3d at 549.

Second, EOIR emphasizes that its FOIA resources are "stretched exceedingly thin" due to the loss of contractors and staff. Opp'n 16 (citing Santiago Decl. ¶ 44). But this staffing shortage is self-imposed. Santiago Decl. ¶¶ 44-49 (identifying only "the Deferred Resignation Program" as the reason for the loss of FOIA staff). EOIR cannot duck "FOIA's demand for expedition" "through the simple expedient of dismissing its FOIA staff." *Ctr. to Advance Sec. in Am. v. USAID*, Civil Action No. 24-3505, 2025 WL 763735, at *2 (D.D.C. Mar. 11, 2025). Nor may it "effectively make FOIA's expedited processing provision a dead letter" through its "decisions on how to allocate resources" when its unencumbered budget exceeds $700 million. *Stevens*, 666 F. Supp. 3d at 748; *see also* Department of Justice Appropriations Act, 2026, Pub. L. No. 119-74, § 5, 140 Stat. 5, 17 (2026) (allocating EOIR $800 million for Fiscal Year 2026 less than ten percent of which is encumbered). EOIR offers no justification for not surging additional staff to its FOIA unit—as the unit has requested—to process Plaintiffs' requests and respond to the public's unique and ongoing interest in responsive records. *See* Santiago Decl. ¶ 51. Nor could it. *Fiduccia v. U.S. Dep't of Just.*, 185 F.3d 1035, 1041 (9th Cir. 1999) (FOIA obligates "agency heads" to "divert staff from programs they think more valuable to Freedom of Information Act Compliance").

Finally, EOIR's opinion that DOJ has no obligation to help it process Plaintiffs' requests misapprehends the import of DOJ's "decentralized system for processing records." Opp'n 20 (quoting 28 C.F.R. § 16.1(c)). Records maintained by EOIR remain "records of the Department." 28 C.F.R. § 16.3(a)(1). EOIR receives and processes requests for these records as DOJ's agent. *Id.* §§ 16.3(a)(1), 16.4(b). But delegating processing to EOIR does not relieve DOJ of liability for that processing. *Sanchez Mora v. U.S. Customs & Border Prot.*, Civil Action No. 24-3136, 2025 WL 1713252, at *6 (D.D.C. June 18, 2025) ("[T]he parent agency is a proper defendant in

4

FOIA litigation involving requests submitted to the agency's components."); *see also Brennan Ctr.*, 300 F. Supp. 3d at 549 (agencies "cannot evade responsibility for failing to produce … requested records by referring [a] request to [other agencies] for review"). Moreover, DOJ did not delegate authority to decide expedition for "widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence," 28 C.F.R. § 16.5(e)(1)(iv), (2), which DOJ no longer opposes here, Opp'n 15. Reserving authority to determine expedition carries with it a duty to ensure that expedition occurs once DOJ agrees (or is ordered) to provide it, particularly when there is no shortage of agency funds to do so. Cong. Resch. Serv., R48643, Overview of FY2026 Appropriations for Commerce, Justice, Science, and Related Agencies (CJS), 11 (2026), https://tinyurl.com/484vehs5 (calculating DOJ's Fiscal Year 2026 appropriation at $37.079 billion, a $178 million increase from last year).[5]

### B.  ICE Has No Valid Evidence of Inability to Process the ICE Requests Faster

As for the ICE Requests, ICE's argument that 1,000 pages reviewed per month is "the highest rate at which it can practicably process records," Opp'n 17, has similar defects. Plaintiffs' requests are the only ones ICE is expediting. *See* Pineiro Decl. ¶¶ 38-46 (discussing no obligations to other expedited requests). So, ICE's obligations to other requests—including those that it is processing in litigation at the scarcely lower rate of 750 pages per month, *id.* ¶ 38—are

---

[5] Defendants insist that Plaintiffs "forfeited or waived" argument that DOJ and DHS must "process records responsive to their requests or otherwise contribute resources to ICE's and EOIR's processing of records" by not raising it in their opening brief. Opp'n 19-20. But the dispute in that brief was the threshold issue of Plaintiffs' requests' entitlement to expedited processing, *see generally* Pls.' Mem. of Law in Supp. of Pls.' Mot. for Partial Summ. J., ECF No. 53, not what such processing entails. Defendants' recent "agree[ment] to treat the requests at issue as though they were expedited, and to complete processing as soon as practicable," Opp'n 15, has transformed the dispute into one about practicality, where Defendants, not Plaintiffs, bear the burden. Should Defendants wish to respond to Plaintiffs' points on this issue, Plaintiffs do not oppose them seeking the Court's leave to file a surreply.

immaterial, particularly absent evidence of any court orders compelling processing at that rate or by a date certain, *Brennan Ctr.*, 300 F. Supp. 3d at 549.

Neither ICE nor DHS offers any evidence of resource constraints that prevent them from processing Plaintiffs' requests faster than 1,000 pages per month. *See* Pineiro Decl. ¶¶ 38-46. Nor could they. *See* Dep't of Homeland Sec., Fiscal Year 2024 Freedom of Information Act Report to the Attorney General of the United States and the Director of Government Information Services, 29 (2025), https://tinyurl.com/bdzzpp83 (noting that ICE has 57 "Full-Time FOIA Staff" while DHS Privacy has 91)[6]; One Big Beautiful Bill Act, Pub. L. No. 199-21, §§ 100051, 100052, 139 Stat. 72, 385-89 (2025) (allocating ICE and DHS twenty-nine and two billion dollars respectively through the end of FY2029 for hiring, information technology, and other purposes). The agencies also have not shown any attempt to meet their "FOIA obligations by submitting appropriate budget requests" to grow their FOIA offices and keep up with a predictable increase in FOIA requests arising from substantial changes to agency policy. *Stevens*, 668 F. Supp. 3d at 748. Nor do they explain why DHS and other subcomponents cannot lend ICE additional resources to process Plaintiffs' requests as the agencies have done in other FOIA litigation. *Cf.* Fourth Decl. of M. David Arnold ¶ 16, *Nightingale v. USCIS*, No. 3:19-cv-3512 (N.D. Cal. Sept. 15, 2025), ECF No. 188-1 (declaring that DHS and ICE "provided approximately 38 FOIA staff to contribute to USCIS' processing of ... FOIA requests" within court-ordered deadlines).

## II.  Defendants Have Not Finished Processing Any of Plaintiffs' FOIA Requests

Contrary to Defendants' assertions, processing is outstanding and delayed for each of Plaintiffs' FOIA requests in this litigation. EOIR has yet to conduct searches at all for the EOIR

---

[6] DHS has yet to release its Chief FOIA Officer Report for Fiscal Year 2025. *See* U.S. Dep't of Just., Off. of Info. Policy, Chief FOIA Officer Reports 2025, https://www.justice.gov/oip/chief-foia-officer-reports-2025 (last updated Apr. 8, 2026).

Dismissal Guidance Request, the Intra-EOIR Comms. Request, or the EOIR-OPLA Comms. Request. Santiago Decl. ¶ 21. Nor has it met and conferred with Plaintiffs about the search for the EOIR EOIR-ERO Comms. Request in over a month, despite Plaintiffs' follow-up. Fifth JSL 10.[7]

ICE's inaction is obstructing the parties' meet and confer about searches. The agency has yet to provide descriptions for its ICE Guidance Requests searches, which Plaintiffs requested almost five months ago, preventing the parties from assessing those searches' reasonableness and crafting supplemental searches. *Id.* at 3. Nor has ICE processed interagency emails that EOIR referred to it in March, *id.* at 10, notwithstanding its pledge to process 1,000 pages per month, Pineiro Decl. ¶ 53, preventing the parties from refining proposed keywords for the ICE Comms. Requests searches, *see id.* ¶ 37.[8]

EOIR's and ICE's claims that they have "completed processing" the EOIR EOIR-ERO Comms Request and the ICE Guidance Requests, Opp'n 9, 11, overlook their obligation to complete litigation processes as soon as practicable, not just their initial searches and the processing of records these searches identify. Processing is not "complete" in litigation until "judicial review over the substantive merits of the agency's disclosure" has concluded. *NAACP LDF v. HUD*, No. 07 Civ. 3378, 2007 WL 4233008, at *6 (S.D.N.Y. Nov. 30, 2007). Providing Plaintiffs with search descriptions, meeting and conferring about searches, and other tasks to

---

[7] As for the EOIR Arrest Guidance Request, EOIR produced the last tranche of records identified by its initial search on May 6, 2026. That day Plaintiffs asked the agency to provide a description for that search so that the parties can meet and confer about supplemental searches.

[8] The closure of ICE's FOIA Office from February 13, 2026, to April 13, 2026, Pinero Decl. ¶¶ 47, 51, accounts for only two months of ICE's delay. Also, ICE's refusal to compile descriptions of the ICE Guidance Requests' searches or process referred records during the closure when resources were available to do so, *see* Decl. of Kenneth N. Clark ¶ 14 n.1, *Nat'l Immigr. Project of the Nat'l Laws. Guild v. U.S. Immigr. & Customs Enf't*, 25-cv-1878 (D.D.C. Mar. 25, 2026), ECF No. 24-1 (noting non-furloughed, hired contractors' availability to process requests), belies its new position that has been treating Plaintiffs' requests as if they were expedited. *See Open Am. v. Watergate Special Prosecution Force*, 547 F.2d 605, 618 (D.C. Cir. 1976) (Leventhal, J., concurring) (explaining that staying the processing of expedited requests is inappropriate even under exceptional circumstances).

facilitate that review are processes subject to expedition. *Cf. Brennan Ctr.*, 300 F. Supp. 3d at 550 (ordering expedited compilation and production of a *Vaughn* index); *Ferguson v. FBI*, 722 F. Supp. 1137, 1145 (S.D.N.Y. 1989) (same). Often, these processes prompt additional searches and productions, *see, e.g.*, Decl. of Jeniffer Pérez Santiago ¶¶ 25-29, *AIC v. EOIR*, No. 23-cv-1952 (D.D.C. July 22, 2024), ECF No. 25-3 (describing three such searches), such that delaying them—as Defendants are doing here—delays release of responsive records.

### III. Plaintiffs' Proposed Processing Schedule

Courts order agencies to process comparable FOIA requests at 5,000 or so pages per month. *E.g.*, *Open Society Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 167-68 (S.D.N.Y. 2019) (ordering the agency to process 5,000 pages per month); *see also Brennan Ctr.*, 300 F. Supp. 3d at 550 ("[C]ourts often find that one to two months is sufficient time for an agency to process broad FOIA requests that may involve classified or exempt material."); *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 191 F. Supp. 2d 138, 141 (D.D.C. 2002) (ordering the agency to process 9,000 pages within 71 days); *Natural Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 43-44 (D.D.C. 2002) (ordering the agency to process "vast majority" of 7500 pages within 32 days). Indeed, Defendants do not offer a single case for their position that lesser rates are appropriate here. *See* Opp'n 15-19 (citing only agency declarations).

Nonetheless, to accommodate Defendants in reopening their FOIA operations after the partial government shutdown or rebuilding them after DOGE, Plaintiffs propose the following processing schedule extendable by mutual agreement or for good cause:

A. **Search Descriptions**: Defendants shall provide a search description within two weeks of performing a search unless Plaintiffs have stipulated to that search's reasonableness in writing *ex ante*.

B. **Search Meeting and Conferring**: The parties shall respond meaningfully to search proposals, questions, and correspondence about searches within two weeks of receipt.

C. **Record Processing**: EOIR and DOJ shall process records responsive to the EOIR Requests (and any records responsive to the ICE Requests referred to them by ICE or DHS) at an aggregate rate of 3,000 pgs./mo. ICE and DHS shall process records responsive to the ICE Requests (and any records responsive to the EOIR Requests referred to them by EOIR or DOJ) at an aggregate rate of 3,000 pgs./mo.

D. **Draft *Vaughn* Indexes:** For each request, Defendants shall produce draft *Vaughn* indexes describing all withholdings, claimed exemptions, foreseeable harm findings, and compliance with FOIA's segregability requirement on a rolling basis or no later than two months after the processing of the last record responsive to the request.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion for partial summary judgment on their expedited processing claims, order Defendants to process Plaintiffs' requests as soon as practicable, and set a processing schedule commensurate with responsive records' unique and ongoing salience to the American public.

Date: May 8, 2026

Respectfully submitted,

/s/    Chris Opila

Daniel A. McGrath
Anisha Hindocha*
Robin Thurston*
DEMOCRACY FORWARD FOUNDATION

Christopher ("Chris") Opila
Raul A. Pinto
AMERICAN IMMIGRATION COUNCIL
PMB2026

9

P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
dmcgrath@democracyforward.org
ahindocha@democracyforward.org
rthurston@democracyforward.org


* *Appearing Pro Hac Vice*

2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699
copila@immcouncil.org
rpinto@immcouncil.org

Rex Chen
LATINOJUSTICE PRLDEF
475 Riverside Dr., Suite 1901
New York, NY 10115
(212) 219-3360
rchen@latinojustice.org

10

**CERTIFICATE OF COMPLIANCE**

I certify that foregoing complies with Local Rule 7.1, in that it contains 3,132 words exclusive of the caption, table of contents, table of authorities, signature blocks, and required certificates; is double-spaced except for headings, footnotes and block quotations; and is in twelve-point type except for text in footnotes.

/s/    Chris Opila
Christopher ("Chris") Opila
AMERICAN IMMIGRATION COUNCIL
PMB2026
2001 L Street N.W., Suite 500
Washington, DC 20036
(202) 507-7699 | copila@immcouncil.org

11