

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

May 8, 2026

**<u>VIA ECF</u>**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007-1312

Application **GRANTED**.  By **May 22, 2026**, Defendants shall file a surreply not to exceed 2,500 words addressing only arguments raised for the first time in Plaintiffs' reply brief.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 63.

Dated: May 11, 2026
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    LatinoJustice PRLDEF, et al. v. U.S. Immigration and Customs Enforcement, et al., No. 25 Civ. 8516 (LGS)

Dear Judge Schofield:

This Office represents defendants U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security, Executive Office for Immigration Review, and U.S. Department of Justice (collectively, "Defendants") in the above-referenced action brought by plaintiffs LatinoJustice PRLDEF and American Immigration Council (together, "Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552.  I write respectfully on behalf of Defendants, to request leave of court to file a sur-reply to Plaintiffs' motion for expedited processing in order to address matters that Plaintiffs first raised in their reply brief. In the alternative, Defendants request that the Court strike or set aside those portions of Plaintiffs' reply brief that seek relief not encompassed within Plaintiffs' opening papers. Plaintiffs do not oppose Defendants' request for leave to file a sur-reply but oppose Defendants' request for alternative relief.

As background, on February 23, 2026, Plaintiffs requested a premotion conference to discuss a partial summary judgment motion on their expedited processing claims. ECF No. 41. Defendants responded, ECF Nos. 45-46, and the Court held a conference on March 10, 2026, *see* ECF No. 49. At the conference, and by written order issued thereafter, ECF No. 50, the Court set a schedule for Plaintiffs' partial motion for summary judgment on its expedited processing claims.

Plaintiffs filed their motion on April 3, 2026. ECF Nos. 52-54. Their motion requested that the Court "direct[] partial summary judgment in their favor on their First Claim for Relief in their Supplemental Complaint: Failures to Grant Expedited Processing and [an order] compelling Defendants to process the Freedom of Information Act requests at issue in this litigation as soon as practicable."  ECF No. 52 (notice of motion).  In their brief, Plaintiffs similarly requested that the Court "grant their motion for partial summary judgment and order Defendants to process their FOIA requests as soon as practicable."  ECF No. 53 at 26.  Accordingly, Defendants' opposition focused on the relief Plaintiffs sought: namely, what it would mean for the Defendants to process

the requests "as soon as practicable" if they treated the requests as expedited.  *See* ECF Nos. 59-61.

Defendants' Position

However, for the first time in their reply brief, filed this afternoon, Plaintiffs request that the Court do more than direct Defendants to process the requests "as soon as practicable." *See* ECF No. 62. Plaintiffs now seek to compel Defendants to (1) provide Plaintiffs with search descriptions within two weeks of performing a search; (2) "respond meaningfully to [Plaintiffs'] search proposals, questions, and correspondence about searches within two weeks of receipt"; and (3) produce *Vaughn* indices on a rolling basis. *See id*. at 8-9.  As the surreply would demonstrate, FOIA does not require Defendants to do any of these things, and, more importantly, none of them were requested in or encompassed by Plaintiffs' motion for expedited processing.

Accordingly, Defendants request an opportunity to file a sur-reply to address these requests for relief and other arguments that were raised, for the first time, in Plaintiffs' reply.[1] *See, e.g., Stepski v. M/V Norasia Alya*, No. 06 Civ. 1694 (JSG), 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010) (granting defendants request to file sur-reply where plaintiffs raised new arguments for first time in reply brief). If the Court grants this request, Defendants respectfully request until May 22, 2026, to file the sur-reply. In the alternative, Defendants request that the Court strike or set aside those portions of Plaintiffs' reply that seek new relief not encompassed within Plaintiffs' opening papers.

Plaintiffs' Position

Plaintiffs do not oppose the Court granting Defendants leave to file a sur-reply by May 22, 2026, to respond to their reply to Defendants' positions on practicability. But Plaintiffs oppose Defendants' request to strike portions of their reply brief for exceeding the scope of relief in their notice of motion.

Plaintiffs' proposed relief is consistent with their notice of motion. The notice "moves the Court for an order under Federal Rule of Civil Procedure 56(a) directing partial summary judgment in their favor on their [expedited processing claims] and compelling Defendants to process the Freedom of Information Act requests at issue in this litigation as soon as practicable." ECF No. 52. In their opposition, Defendants shift the locus of the parties' dispute from Plaintiffs' entitlement to expedited processing to what FOIA's practicability standard entails, conceding the former and taking the new position that their processing to date already complies with the standard. ECF No. 59 at 12. Plaintiffs' reply disputes this position with respect to speed and scope. ECF No. 62 at 1-8 (citing authorities for the proposition that compiling search descriptions, preparing *Vaughn* indexes, and meeting and conferring are processes subject to FOIA's practicability standard). Ordering the relief Plaintiffs seek is consistent with Plaintiffs' notice of motion and the Court's equitable authority under FOIA. *New York Legal Assistance Grp. v. Bd. of Immigr.*

---

[1]    Plaintiffs concede that they did not raise arguments about DOJ and DHS processing records in their opening brief, and thus, noted in their reply brief that they would consent to Defendants filing a sur-reply on that point.  *See* ECF No. 62 at 5 n.5.

*Appeals*, 987 F.3d 207, 218 n.20 (2d Cir. 2021) (FOIA remedies are "expansive," not "exclusiv[e]").

        Thank you for your consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    */s/ Tara Schwartz*
        TARA SCHWARTZ
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2633
        Email: tara.schwartz@usdoj.gov
        *Counsel for Defendants*

cc:     All counsel (by ECF)