

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 15, 2026

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

> Re:   LatinoJustice PRLDEF, et al. v. U.S. Immigration & Customs Enforcement, et al.,
> 25 Civ. 8516 (LGS)

Dear Judge Schofield:

This Office represents defendants United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), the Executive Office for Immigration Review ("EOIR"), and the United States Department of Justice ("DOJ") (collectively, the "Government") in the above-referenced action filed by plaintiffs LatinoJustice PRLDEF and American Immigration Council ("Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA").  Plaintiffs' FOIA requests seek records and communications relating to ICE arrests and enforcement operations in or near immigration courts.  Pursuant to the Court's Memo Endorsement dated December 16, 2025 (ECF No. 29), the parties respectfully submit this joint status letter regarding the parties' negotiations for the search, processing, and production of remaining responsive non-exempt records.

### A.  Plaintiffs' FOIA Requests to ICE

> i.   Description of the ICE FOIA Requests

This litigation concerns five FOIA requests that Plaintiffs submitted to ICE, dated July 29, 2025.  The first FOIA request (the "ICE ERO-EOIR Comms. Request") seeks external communications between one or more ICE Enforcement and Removal Operations ("ERO") custodians listed or categorized in Column A of the table below and one or more EOIR custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Director | The Chief Immigration Judge | Expedited removal |
| ICE Deputy Director | A Regional Deputy Chief Immigration Judge ("RDCJ") | An ICE enforcement operation in or near an immigration court |
| ICE Chief of Staff | An Assistant Chief Immigration Judge ("ACIJ") | An ICE arrest in or near an immigration court |

| | | |
|---|---|---|
| ICE Associate Director of ERO | A court administrator | Dismissal or termination of immigration cases or proceedings in immigration court |
| The Director of ERO Field Operations | | |
| An Assistant Director of ERO Field Operations | | |
| An ERO Field Office Director | | |
| An ERO Field Office Deputy Director | | |

Compl., Ex. R (ECF No. 1-18).

Plaintiffs' second FOIA request to ICE (the "ICE Internal Comms. Request") seeks internal ICE communications between one or more ICE custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Associate Director of ERO | ICE Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| The Director of ERO Field Operations | ICE Executive Deputy Principal Legal Advisor | An ICE arrest in or near an immigration court |
| An Assistant Director of ERO Field Operations | ICE Deputy Principal Legal Advisor for Field Legal Operations | Dismissal or termination of immigration cases or proceedings in immigration court |
| An ERO Field Office Director | An ICE Office of the Principal Legal Advisor ("OPLA") Field Location's Chief Counsel | |
| An ERO Field Office Deputy Director | | |

Compl., Ex. X (ECF No. 1-24).

Plaintiffs' third FOIA request to ICE (the "ICE OPLA-EOIR Comms. Request") seeks external communications between one or more ICE OPLA custodians listed or categorized in Column A of the table below and one or more EOIR custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Principal Legal Advisor | The Chief Immigration Judge | Expedited removal |
| ICE Executive Deputy Principal Legal Advisor | An RDCJ | An ICE enforcement operation in or near an immigration court |
| ICE Deputy Principal Legal Advisor for Field Legal Operations | An ACIJ | An ICE arrest in or near an immigration court |
| An ICE OPLA Field Location's Chief Counsel | A court administrator | Dismissal or termination of immigration cases or proceedings in immigration court |
| An ICE OPLA Field Location's Deputy Chief Counsel | | |

Compl., Ex. AC (ECF No. 1-29).

Plaintiffs' fourth FOIA request to ICE (the "ICE Arrest Guidance Request") seeks "all guidance, instructions, policies, and other similar records" circulated to the OPLA Assistant Chief Counsel, Deputy Chief Counsel, or Chief Counsel since January 20, 2025, about arrests of noncitizens at immigration courts by ICE ERO.  Id., Exh. AH (ECF No. 1-34).

Finally, Plaintiffs' fifth FOIA request to ICE (the "ICE Dismissal Guidance Request") seeks "all guidance, instructions, policies, templates, and other similar records" provided to an OPLA Chief Counsel, Deputy Chief Counsel, or Assistant Chief Counsel since January 20, 2025, about dismissals of immigration court cases.  Id., Exh. AM (ECF No. 1-39).

ii.    Status of the ICE FOIA Requests

As indicated in the parties' prior status report, ICE completed its searches for records responsive to the ICE Arrest Guidance and ICE Dismissal Guidance Requests and issued a final response on December 10, 2025.  See ECF No. 32.  The final response indicated that ICE had located and processed 20 pages of responsive records, determined that six pages were duplicative, and released the remaining 14 pages in full or in part.[1]  Plaintiffs are evaluating the claimed withholdings and asked the agency on December 15, 2025, to provide descriptions of its searches so that Plaintiffs can evaluate their reasonableness.  On May 15, 2026, ICE provided descriptions of custodians and locations for the ICE Arrest Guidance search to Plaintiffs, which Plaintiffs are evaluating. Plaintiffs asked the agency on May 15, 2026, to describe the keywords or other methodology for the searches so they have sufficient information to evaluate the searches' reasonableness.

---

[1] ICE made an initial release of three pages of records responsive to the request for OPLA Dismissal Guidance on August 20, 2025, with portions of those pages withheld pursuant to FOIA exemptions. Unfortunately, Plaintiffs' counsel did not receive this communication. ICE re-released these three pages on December 10, 2025.

As explained in the parties' prior status reports, in connection with the searches for records responsive to the ICE ERO-EOIR Comms., ICE Internal Comms., and ICE OPLA-EOIR Comms. Requests (collectively, the "ICE Comms. Requests").  For the ICE ERO-EOIR Comms. Request, ICE pulled the email files of 35 custodians for Column A and 82 custodians for Column B.  For the ICE Internal Comms. Request, ICE pulled the email files of approximately 32 custodians for Column A and 5 custodians for Column B.  For the ICE OPLA-EOIR Comms. Request, ICE pulled the emails files of approximately 5 custodians for Column A and 82 custodians in Column B.

ICE made its first interim release in response to the ICE Comms. Requests on January 15, 2026.  As stated in the release letter, ICE processed 501 pages and 12 Excel spreadsheets of potentially responsive documents and released 34 pages in full or in part.  ICE determined that the remaining 467 pages and 12 Excel spreadsheets were non-responsive.  On February 12, 2026, ICE notified Plaintiffs that it had processed another 1,000 pages of potentially responsive records resulting from its search, and determined that none of those pages were responsive to the request.  On February 14, 2026, ICE experienced a lapse in appropriations and its FOIA Office was shut down until April 13, 2026.

To help Plaintiffs evaluate ICE's proposed search terms, Plaintiffs asked ICE on April 15, 2026, to process a few dozen pages of emails between OPLA and EOIR staff in EOIR's second production that the agency had referred to ICE/DHS for processing. *See supra* § B.ii.  On May 14, 2026, Plaintiffs asked ICE to provide a timeline for processing the OPLA-EOIR emails that EOIR referred to ICE/DHS for processing in each of EOIR's first three productions. On May 15, 2026, ICE released the emails referred to it from EOIR's third production. ICE has agreed to process the records referred to it from EOIR's first two productions and produce those to Plaintiff within the next month.

Further, since the last status update, Plaintiffs and ICE have discussed refining the search that ICE previously used for the ICE Comms. Requests to try to obtain a higher responsiveness rate for the records being processed by ICE.  On April 14, 2026, ICE made a proposal to Plaintiffs regarding search terms to be used. Plaintiffs are still evaluating this proposal since they wish to compare the proposed search terms to the language in all the known OPLA-EOIR emails. Plaintiffs have asked ICE to defer the searches until the parties reach a complete agreement on their methodology to conserve the parties' resources and reduce the likelihood of future search disputes.  However, in light of Plaintiffs' request for expedited processing, ICE has already begun the process of applying those search terms to the custodial files for the ICE Comms. Requests, which it anticipates completing next week.  ICE also added certain custodians to its search for records responsive to the ICE Comms. Requests.

## B. **Plaintiffs' FOIA Requests to EOIR**

### i.    Description of the EOIR FOIA Requests

Plaintiffs submitted five FOIA requests to EOIR, dated July 28, 2025.  The first FOIA request (the "EOIR EOIR-ERO Comms. Request") seeks external communications between one or more EOIR custodians listed or categorized in Column A of the table below and one or more

4

ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Director | Expedited removal |
| An RDCIJ | ICE Deputy Director | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Chief of Staff | An ICE arrest in or near an immigration court |
| A court administrator | ICE Associate Director of ERO | Dismissal or termination of immigration cases or proceedings in immigration court |
| | The Director of ERO Field Operations | |
| | An Assistant Director of ERO Field Operations | |
| | An ERO Field Office Director | |
| | An ERO Field Office Deputy Director | |

Compl., Ex. A (ECF No. 1-1).

Plaintiffs' second FOIA request to EOIR (the "EOIR Arrest Guidance Request") seeks "all guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR" for ICE enforcement operations or arrests at or near an immigration court since January 20, 2025.  Id., Ex. J (ECF No. 1-10).

Plaintiffs' third FOIA request to EOIR (the "EOIR Dismissal Guidance Request"), which was added to this litigation as part of Plaintiffs' supplemental complaint, filed on February 13, 2026, *see* ECF No. 39, seeks "all guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR for dismissing or terminating an immigration case or proceeding issued since January 20, 2025." Suppl. Compl., Ex. A (ECF No. 39-1).

Plaintiffs' fourth request to EOIR (the "Intra-EOIR Comms. Request"), which was added to this litigation as part of Plaintiffs' supplemental complaint, seeks internal communications between one or more custodians listed or categorized in Column A of the table below and one or more custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | An Immigration Judge ("IJ") with a non-detained docket | An ICE enforcement operation in or near an immigration court |

| | | |
|---|---|---|
| An RDCIJ | | An ICE arrest in or near an immigration court |
| An ACIJ | | Dismissal or termination of immigration cases or proceedings in immigration court |
| A court administrator | | |

Id. Ex. H (ECF No. 39-8).

Plaintiffs' fifth request to EOIR (the "EOIR EOIR-OPLA Comms. Request"), which was also added to this litigation as part of Plaintiffs' supplemental complaint, seeks external communications between one or more EOIR custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Principal Legal Advisor | Expedited removal |
| An RDCIJ | ICE Executive Deputy Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Deputy Principal Legal Advisor for Field Legal Operations | An ICE arrest in or near an immigration court |
| A court administrator | An ICE OPLA Field Location's Chief Counsel | Dismissal or termination of immigration cases or proceedings in immigration court |
| | An ICE OPLA Field Location's Deputy Chief Counsel | |

Id. Ex. P (ECF No. 39-16).

ii.    Status of the EOIR FOIA Requests

As indicated in the parties' prior status letters, EOIR has completed its search for records responsive to the EOIR Arrest Guidance Request.  *See* ECF No. 32.  As a result of that search, it identified over 700 pages of potentially responsive records to process.  EOIR processed the first 207 pages of those documents and produced them to Plaintiffs on March 11, 2026.  Some of those pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.  EOIR made its second production, of 216 pages of those records, to Plaintiff on March 30, 2026.  As with EOIR's first production, some pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.  EOIR made its third and final production of these records to Plaintiffs on May 6, 2026, which completed its processing of records identified to date as responsive to the EOIR Arrest Guidance Request.  As with EOIR's prior productions, some pages of the records were

6

referred to ICE for processing and a release determination. Accordingly, EOIR considers its response to the EOIR Arrest Guidance Request complete. Plaintiffs have expressed several concerns to EOIR about the reasonableness of its search and consider the agency's processing of this request incomplete for want of a reasonable search.

As indicated in the parties' prior status reports, EOIR pulled the email files of approximately 86 custodians for Column A and 39 custodians for Column B of the EOIR EOIR-ERO Comms. Requests.  After searching those files using relevant search terms, EOIR did not locate any responsive records.  Accordingly, EOIR considers its response to the EOIR-ERO Comms. Request complete. Plaintiffs have expressed several concerns to EOIR about the reasonableness of its search and so consider the agency's processing of this request incomplete for want of a reasonable search.

With respect to the FOIA requests that were added to this litigation as part of the supplemental complaint, the status is as follows:

EOIR Dismissal Guidance Request: EOIR shared its search protocol for this request with Plaintiffs on May 15, 2026.  EOIR is in the process of running this search.  Plaintiffs have informed EOIR that they consider the proposed custodians, locations, and keywords insufficient.

Intra-EOIR Comms. Request: EOIR's position is that this request is overly broad on its face, as it seeks internal communications with the approximately 700 immigration judges nationwide with non-detained dockets.  Plaintiffs have asked EOIR to provide more information about the specific financial and temporal burdens a search would impose and if any limits to the request's scope will make the request more reasonable for the agency.  If the parties are unable to resolve their dispute about the reasonableness of the request and the processing burdens arising therefrom, they will ask the Court to set a schedule for dispositive motions practice.

EOIR-OPLA Comms. Request:  In order to search for emails between EOIR custodians and ICE-OPLA custodians, EOIR needed to obtain the email addresses for the relevant custodians from ICE.  ICE provided that list to EOIR on May 15, 2026.  Accordingly, EOIR will now conduct its search.

The parties thank the Court for its consideration of these matters and will file the next joint status letter by June 15, 2026.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Tara Schwartz*
       TARA SCHWARTZ
       Assistant United States Attorney
       86 Chambers Street, Third Floor
       New York, NY 10007
       Tel: (212) 637-2633
       Tara.Schwartz@usdoj.gov
       *Counsel for Defendants*

Cc:    All counsel (by ECF)

8