

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

July 15, 2026

**VIA ECF**

The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    <u>LatinoJustice PRLDEF, et al. v. U.S. Immigration & Customs Enforcement, et al.,</u>
               25 Civ. 8516 (LGS)

Dear Judge Schofield:

      This Office represents defendants United States Immigration and Customs Enforcement
("ICE"), United States Department of Homeland Security ("DHS"), the Executive Office for
Immigration Review ("EOIR"), and the United States Department of Justice ("DOJ") (collectively,
the "Government") in the above-referenced action filed by plaintiffs LatinoJustice PRLDEF and
American Immigration Council ("Plaintiffs") under the Freedom of Information Act, 5 U.S.C.
§ 552 *et seq*. ("FOIA").  Plaintiffs' FOIA requests seek records and communications relating to
ICE arrests and enforcement operations in or near immigration courts.  Pursuant to the Court's
Memo Endorsement dated December 16, 2025 (ECF No. 29), the parties respectfully submit this
joint status letter regarding the parties' negotiations for the search, processing, and production of
remaining responsive non-exempt records.

    **A.**  **<u>Plaintiffs' FOIA Requests to ICE</u>**

        i.    <u>Description of the ICE FOIA Requests</u>

      This litigation concerns five FOIA requests that Plaintiffs submitted to ICE, dated July
29, 2025.  The first FOIA request (the "ICE ERO-EOIR Comms. Request") seeks external
communications between one or more ICE Enforcement and Removal Operations ("ERO")
custodians listed or categorized in Column A of the table below and one or more EOIR
custodians listed or categorized in Column B about a topic listed in Column C, from April 1,
2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Director | The Chief Immigration Judge | Expedited removal |
| ICE Deputy Director | A Regional Deputy Chief Immigration Judge ("RDCJ") | An ICE enforcement operation in or near an immigration court |
| ICE Chief of Staff | An Assistant Chief Immigration Judge ("ACIJ") | An ICE arrest in or near an immigration court |

| ICE Associate Director of ERO | A court administrator | Dismissal or termination of immigration cases or proceedings in immigration court |
| --- | --- | --- |
| The Director of ERO Field Operations | | |
| An Assistant Director of ERO Field Operations | | |
| An ERO Field Office Director | | |
| An ERO Field Office Deputy Director | | |

Compl., Ex. R (ECF No. 1-18).

Plaintiffs' second FOIA request to ICE (the "ICE Internal Comms. Request") seeks internal ICE communications between one or more ICE custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
| --- | --- | --- |
| ICE Associate Director of ERO | ICE Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| The Director of ERO Field Operations | ICE Executive Deputy Principal Legal Advisor | An ICE arrest in or near an immigration court |
| An Assistant Director of ERO Field Operations | ICE Deputy Principal Legal Advisor for Field Legal Operations | Dismissal or termination of immigration cases or proceedings in immigration court |
| An ERO Field Office Director | An ICE Office of the Principal Legal Advisor ("OPLA") Field Location's Chief Counsel | |
| An ERO Field Office Deputy Director | | |

Compl., Ex. X (ECF No. 1-24).

Plaintiffs' third FOIA request to ICE (the "ICE OPLA-EOIR Comms. Request") seeks external communications between one or more ICE OPLA custodians listed or categorized in Column A of the table below and one or more EOIR custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| ICE Principal Legal Advisor | The Chief Immigration Judge | Expedited removal |
| ICE Executive Deputy Principal Legal Advisor | An RDCJ | An ICE enforcement operation in or near an immigration court |
| ICE Deputy Principal Legal Advisor for Field Legal Operations | An ACIJ | An ICE arrest in or near an immigration court |
| An ICE OPLA Field Location's Chief Counsel | A court administrator | Dismissal or termination of immigration cases or proceedings in immigration court |
| An ICE OPLA Field Location's Deputy Chief Counsel | | |

Compl., Ex. AC (ECF No. 1-29).

Plaintiffs' fourth FOIA request to ICE (the "ICE Arrest Guidance Request") seeks "all guidance, instructions, policies, and other similar records" circulated to the OPLA Assistant Chief Counsel, Deputy Chief Counsel, or Chief Counsel since January 20, 2025, about arrests of noncitizens at immigration courts by ICE ERO. Id., Exh. AH (ECF No. 1-34).

Finally, Plaintiffs' fifth FOIA request to ICE (the "ICE Dismissal Guidance Request") seeks "all guidance, instructions, policies, templates, and other similar records" provided to an OPLA Chief Counsel, Deputy Chief Counsel, or Assistant Chief Counsel since January 20, 2025, about dismissals of immigration court cases. Id., Exh. AM (ECF No. 1-39).

ii.    Status of the ICE FOIA Requests

As indicated in the parties' prior status report, ICE completed its searches for records responsive to the ICE Arrest Guidance and ICE Dismissal Guidance Requests and issued a final response on December 10, 2025. See ECF No. 32. The final response indicated that ICE had located and processed 20 pages of responsive records, determined that six pages were duplicative, and released the remaining 14 pages in full or in part.[1] Plaintiffs are evaluating the claimed withholdings and asked the agency on December 15, 2025, to provide descriptions of its searches so that Plaintiffs can evaluate their reasonableness. On May 15, 2026, ICE provided descriptions of custodians and locations for the ICE Arrest Guidance search to Plaintiffs. Plaintiffs asked the agency on May 15, to describe the keywords or other methodology for the searches so they have sufficient information to evaluate the searches' reasonableness. On June 30, ICE provided Plaintiffs with responses to their questions about the searches for the Guidance

---

[1] ICE made an initial release of three pages of records responsive to the request for OPLA Dismissal Guidance on August 20, 2025, with portions of those pages withheld pursuant to FOIA exemptions. Unfortunately, Plaintiffs' counsel did not receive this communication. ICE re-released these three pages on December 10, 2025.

Requests.  On July 1, Plaintiffs followed up with additional questions.  ICE is currently reviewing Plaintiffs' questions.

As explained in the parties' prior status reports, in connection with the searches for records responsive to the ICE ERO-EOIR Comms., ICE Internal Comms., and ICE OPLA-EOIR Comms. Requests (collectively, the "ICE Comms. Requests"), ICE pulled the email files of numerous custodians.

As further indicated in prior status letters, ICE made its first interim release in response to the ICE Comms. Requests on January 15, 2026.  As stated in the release letter, ICE processed 501 pages and 12 Excel spreadsheets of potentially responsive documents and released 34 pages in full or in part.  ICE determined that the remaining 467 pages and 12 Excel spreadsheets were non-responsive.  On February 12, 2026, ICE notified Plaintiffs that it had processed another 1,000 pages of potentially responsive records resulting from its search, and determined that none of those pages were responsive to the request. On February 14, ICE experienced a lapse in appropriations and its FOIA Office was shut down until April 13.

To help Plaintiffs evaluate ICE's proposed search terms, Plaintiffs asked ICE on April 15, to process a few dozen pages of emails between OPLA and EOIR staff in EOIR's second production that the agency had referred to ICE/DHS for processing. *See supra* § B.ii.  On May 15, ICE released the emails referred to it from EOIR's third production. On June 29, 2026, ICE released the emails referred to it from EOIR's first two productions. On July 15, 2026, Plaintiff asked ICE to clarify the basis for some withholdings in the EOIR-referred emails.

As explained in their May status report, Plaintiffs and ICE had discussed refining the search that ICE previously used for the ICE Comms. Requests to try to obtain a higher responsiveness rate for the records being processed by ICE.  *See* ECF No. 65.  On April 14, 2026, ICE made a proposal to Plaintiffs regarding search terms to be used. Plaintiffs asked ICE to defer the searches until the parties reach a complete agreement on their methodology to conserve the parties' resources and reduce the likelihood of future search disputes.  However, in light of Plaintiffs' request for expedited processing, ICE began the process of applying those search terms to the custodial files for the ICE Comms. Requests.  As the parties explained in their last status report, on or around June 15, 2026, ICE's Office of the Chief Information Officer (OCIO) completed the searches for the ICE Comms. Requests.  Shortly thereafter, the ICE-FOIA analyst assigned to this case left the division and transitioned this case to another colleague. That new analyst did not resume the processing of the ICE Comms. Requests until July 14, 2026, when he got access to the electronic software needed to access review the emails from OCIO's searches.  On July 14, , the new analyst began the process of downloading the files from OCIO and uploading them into electronic software so that he can begin a responsiveness review.  In light of the delay resulting from the case transition, on July 14, 2026, ICE assigned a senior FOIA analyst to assist with getting these email records ready for a responsiveness review.  Once the emails have been prepared for review, ICE will begin processing them at a rate of 1,000 pages per month.[2] Plaintiffs have asked the agency to process the first tranche of responsive records by the parties' next JSR deadline.

---

[2] Plaintiffs believe that 3,000 pages per month is the appropriate processing rate for their requests. ECF No. 62 at 13. The parties' dispute about the appropriate processing schedule for the ICE and EOIR Requests at issue here is fully briefed and ripe for resolution. *See* ECF No. 53; ECF No. 59; ECF No. 62; ECF No. 66.

### B. **Plaintiffs' FOIA Requests to EOIR**

i.    Description of the EOIR FOIA Requests

Plaintiffs submitted five FOIA requests to EOIR, dated July 28, 2025.  The first FOIA request (the "EOIR EOIR-ERO Comms. Request") seeks external communications between one or more EOIR custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Director | Expedited removal |
| An RDCIJ | ICE Deputy Director | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Chief of Staff | An ICE arrest in or near an immigration court |
| A court administrator | ICE Associate Director of ERO | Dismissal or termination of immigration cases or proceedings in immigration court |
| | The Director of ERO Field Operations | |
| | An Assistant Director of ERO Field Operations | |
| | An ERO Field Office Director | |
| | An ERO Field Office Deputy Director | |

Compl., Ex. A (ECF No. 1-1).

Plaintiffs' second FOIA request to EOIR (the "EOIR Arrest Guidance Request") seeks "all guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR" for ICE enforcement operations or arrests at or near an immigration court since January 20, 2025.  Id., Ex. J (ECF No. 1-10).

Plaintiffs' third FOIA request to EOIR (the "EOIR Dismissal Guidance Request"), which was added to this litigation as part of Plaintiffs' supplemental complaint, filed on February 13, 2026, *see* ECF No. 39, seeks "all guidance, instructions, policies, and other similar records created by, provided to, or otherwise in the possession of EOIR for dismissing or terminating an immigration case or proceeding issued since January 20, 2025." Suppl. Compl., Ex. A (ECF No. 39-1).

Plaintiffs' fourth request to EOIR (the "Intra-EOIR Comms. Request"), which was added to this litigation as part of Plaintiffs' supplemental complaint, seeks internal communications between one or more custodians listed or categorized in Column A of the table below and one or more custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | An Immigration Judge ("IJ") with a non-detained docket | An ICE enforcement operation in or near an immigration court |
| An RDCIJ | | An ICE arrest in or near an immigration court |
| An ACIJ | | Dismissal or termination of immigration cases or proceedings in immigration court |
| A court administrator | | |

Id. Ex. H (ECF No. 39-8).

Plaintiffs' fifth request to EOIR (the "EOIR EOIR-OPLA Comms. Request"), which was also added to this litigation as part of Plaintiffs' supplemental complaint, seeks external communications between one or more EOIR custodians listed or categorized in Column A of the table below and one or more ICE custodians listed or categorized in Column B about a topic listed in Column C, from April 1, 2025, to the date of the agency's search:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | ICE Principal Legal Advisor | Expedited removal |
| An RDCIJ | ICE Executive Deputy Principal Legal Advisor | An ICE enforcement operation in or near an immigration court |
| An ACIJ | ICE Deputy Principal Legal Advisor for Field Legal Operations | An ICE arrest in or near an immigration court |
| A court administrator | An ICE OPLA Field Location's Chief Counsel | Dismissal or termination of immigration cases or proceedings in immigration court |
| | An ICE OPLA Field Location's Deputy Chief Counsel | |

Id. Ex. P (ECF No. 39-16).

    ii.    Status of the EOIR FOIA Requests

As indicated in the parties' prior status letters, EOIR has completed its search for records responsive to the EOIR Arrest Guidance Request. *See* ECF No. 32. As a result of that search, it

identified over 700 pages of potentially responsive records to process.  EOIR processed the first 207 pages of those documents and produced them to Plaintiffs on March 11, 2026.  Some of those pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.  EOIR made its second production, of 216 pages of those records, to Plaintiff on March 30, 2026.  As with EOIR's first production, some pages of records were referred to DOJ's Office of Information Policy, the U.S. General Services Administration, and ICE for processing and a release determination.  EOIR made its third and final production of these records to Plaintiffs on May 6, 2026, which completed its processing of records identified to date as responsive to the EOIR Arrest Guidance Request.  As with EOIR's prior productions, some pages of the records were referred to ICE for processing and a release determination. Accordingly, EOIR considers its response to the EOIR Arrest Guidance Request complete. Plaintiffs have expressed several concerns to EOIR about the reasonableness of its search and consider the agency's processing of this request incomplete for want of a reasonable search.

As indicated in the parties' prior status reports, EOIR pulled the email files of approximately 86 custodians for Column A and 39 custodians for Column B of the EOIR EOIR-ERO Comms. Requests.  After searching those files using relevant search terms, EOIR did not locate any responsive records.  Accordingly, EOIR considers its response to the EOIR-ERO Comms. Request complete. Plaintiffs have expressed several concerns to EOIR about the reasonableness of its search and so consider the agency's processing of this request incomplete for want of a reasonable search.

With respect to the FOIA requests that were added to this litigation as part of the supplemental complaint, the status is as follows:

EOIR Dismissal Guidance Request: EOIR shared its search protocol for this request with Plaintiffs on May 15, 2026.  Plaintiffs informed EOIR that they consider the proposed custodians, locations, and keywords insufficient.  EOIR's Office of Information Technology (OIT) completed the search for records responsive to this request on June 12, 2026.  On July 14, 2026, EOIR notified Plaintiff that its electronic search returned 13 records.  Based on an initial responsiveness review, EOIR determined that none of the records returned as a result of this search were responsive to the request. On July 15, 2026, Plaintiff informed EOIR that its search is unreasonable for not locating known responsive records and asked the agency to re-run its search. The parties will meet-and-confer on this issue.

Intra-EOIR Comms. Request: EOIR's position is that this request is overly broad on its face, as it seeks internal communications with the approximately 700 immigration judges nationwide with non-detained dockets.  Plaintiffs asked EOIR to provide more information about the specific financial and temporal burdens a search would impose and if any limits to the request's scope will make the request more reasonable for the agency.  The parties met-and-conferred about this issue, among other things, on June 11, 2026.  On June 26, 2026, EOIR provided Plaintiffs with information about the burdens that a search would impose on the agency.

On June 30, 2026, EOIR asked Plaintiffs to elaborate on what records that they are seeking so that EOIR can better inform Plaintiffs about the most effective way to perform a

7

search.  Plaintiffs responded on July 1, 2026, that they are open to limiting the scope of this request to a specific number of dockets or immigration courts if that would resolve the parties' dispute about whether this request poses a reasonable burden.  EOIR is currently considering how to respond to Plaintiffs.  Plaintiffs ask EOIR to provide a response by the next JSR to avoid further delay in the processing of a request that the agency has agreed to treat as if it were expedited.  If the parties are unable to resolve their dispute about the reasonableness of the request and the processing burdens arising therefrom, they will ask the Court to set a schedule for dispositive motions practice.

EOIR-OPLA Comms. Request:  In order to search for emails between EOIR custodians and ICE-OPLA custodians, EOIR needed to obtain the email addresses for the relevant custodians from ICE.  ICE provided that list to EOIR on May 15, 2026.  Accordingly, EOIR's OIT is now able to run this search.  However, to run an OIT search for emails between EOIR custodians and ICE-OPLA custodians, EOIR needs to obtain search authorizations from all EOIR custodians.  EOIR is undergoing the process of obtaining authorizations from such custodians and once that is done, OIT will begin running the search.  Plaintiffs have asked the agency to complete this search by the parties' next JSR deadline to avoid further delay in the processing of a request that the agency has agreed to treat as if it were expedited.

The parties thank the Court for its consideration of these matters and will file the next joint status letter by August 17, 2026.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2633
Tara.Schwartz@usdoj.gov
*Counsel for Defendants*

Cc:    All counsel (by ECF)