**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 4, 2026

Application **GRANTED**.

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2026
New York, New York

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: LatinoJustice PRLDEF, et al. v. U.S. Immigration & Customs Enforcement, et al., 25 Civ. 8516 (LGS)

Dear Judge Schofield:

This Office represents defendants United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), the Executive Office for Immigration Review ("EOIR"), and the United States Department of Justice ("DOJ") (collectively, the "Government") in the above-referenced action filed by plaintiffs LatinoJustice PRLDEF and American Immigration Council ("Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"). I write pursuant to the Court's Memo Endorsement dated August 19, 2026 (ECF No. 70), to confirm that EOIR has responded substantively to Plaintiffs' communication of July 1, 2026, regarding the Intra-EOIR Comms. Request. I apologize for the tardiness of this letter, as it is being submitted two days after the Court's September 2, 2026, deadline for this submission, and request that EOIR be granted an extension *nunc pro tunc*, so that this letter may be accepted by the Court.[1] Plaintiffs, through counsel, indicated that they consent to the *nunc pro tunc* extension.

As background, in connection with Plaintiffs' supplemental complaint, filed on February 13, 2026 (ECF No. 39 ("Supplemental Complaint"), Plaintiff added what the parties have termed the "Intra-EOIR Comms. Request" to this action. That request, which was submitted to EOIR on or around July 28, 2025, seeks *all* emails, correspondence, calendar entries, meeting notes, text messages, Signal messages, WhatsApp messages, Microsoft Teams messages, and other similar communication records between one or more individuals listed in Column A of the table below

[1] Upon receipt of the Court's August 19 order, I began working with EOIR to provide a proposal for a search protocol for the Intra-EOIR Comms. Request. I notified EOIR agency counsel that I would be out of the country between August 31 and September 4, 2026, and thus I set a deadline for the agency to make the proposal to Plaintiffs and file the instant letter by Friday, August 28. EOIR agency counsel notified me that she would have to obtain approval from the EOIR Office of the Director prior to making an offer to Plaintiffs, and she requested such approval last week. However, EOIR agency counsel did not obtain approval to make such offer prior to me leaving the country.
While I was out of the country, I forgot to follow up with agency counsel or otherwise request an extension of the court ordered deadline for the instant submission. Plaintiffs' counsel emailed me yesterday, September 3, notifying me that we missed the court deadline. As soon as I received that email, I responded, apologizing for the oversight, and contacted agency counsel to make sure she had obtained approval. Agency counsel notified me this morning that she obtained the required approval.

and one or more individuals listed in Column B about a topic listed in Column C from April 1, 2025, to the date of a reasonable search for responsive records:

| A | B | C |
|---|---|---|
| The Chief Immigration Judge | An Immigration Judge ("IJ") with a non-detained docket | An ICE enforcement operation in or near an immigration court |
| A Regional Deputy Chief Immigration Judge ("RDCIJ") | | An ICE arrest in or near an immigration court |
| An Assistant Chief Immigration Judge ("ACIJ") | | Dismissal or termination of immigration cases or proceedings in immigration court |
| A court administrator | | |

Supplemental Complaint, Ex. H (ECF No. 39-8).

EOIR responded promptly after receiving the FOIA request. On August 5, 2025, EOIR notified Plaintiffs of defects in the Intra-EOIR Comms. Request's description of responsive records and advised Plaintiffs that it would close the request in 30 days if Plaintiffs did not provide a response. *Id*. at Ex. J (ECF No. 39-10). Plaintiffs responded to EOIR on August 18, 2025. *Id*. at Ex. K (ECF No. 39-11). In their letter, Plaintiffs did not provide a further description of the records they were seeking. *Id*. at 2. Instead, they claimed that the request already reasonably described the responsive records. *Id*. Plaintiff made two concessions: (1) to exclude Signal messages, Whatsapp messages, text messages, and other phone records from the type of responsive records; and (2) for the agency to process email, calendar entries, meeting notes, and Microsoft Teams messages first, and hold other types of communications in "abeyance" until that processing was completed. *Id*. at 3, 4.

On September 30, 2025, EOIR administratively closed the Intra-EOIR Comms. Request on the ground that Plaintiffs refused to narrow their request and instead argued that no clarification was necessary. *Id*. at Ex. M (ECF No. 39-13). Plaintiff appealed the administrative closure of the request to DOJ on November 21, 2025. *Id*. at Ex. N (ECF No. 39-14). In their appeal, Plaintiffs narrowed the Intra-EOIR Comms. Request to exclude: (1) from the list of individuals in Column A, any RCDIJ, ACIJ, or court administrator who does not oversee, or work, at an immigration court with a nondetained docket; (2) from the list of individuals in Column B, an immigration judge who does not have a non-detained docket. Ex. N at 5 (ECF No. 39-14).

On March 19, 2026, the Department of Justice, Office of Information Policy ("OIP"), affirmed EOIR's closure of the appeal on the grounds that "EOIR cannot locate with a reasonable amount of effort the records you seek as it cannot reasonably retrieve them due to the broad, sweeping nature of the request." The letter notified Plaintiffs that OIP's decision was made after an OIP attorney conducted a full review of the appeal, the underlying FOIA request, and the action taken by EOIR, and that Plaintiffs could submit a new FOIA request directly to EOIR.

Throughout this litigation, EOIR has maintained that this request is overly broad on its face, even as narrowed by Plaintiffs at the administrative stage and in the litigation, as it seeks internal communications with the approximately 700 immigration judges nationwide with non-

detained dockets. EOIR has repeatedly asked Plaintiffs to propose a narrowing of the request so that it can be processed. On June 11, 2026, Plaintiffs asked EOIR to provide more information about its search capabilities, its search limitations, and the financial and temporal burdens of searching "a few dozen CIJ, RDCIJ, and ACIJ email accounts." The parties met and conferred about this issue, among other things, on June 11, 2026.

On June 26, 2026, EOIR provided Plaintiffs with information about the burdens that a search would impose on the agency. EOIR explained as follows:

> Searching all Immigration Judges (IJs) assigned to non-detained dockets would impose a substantial burden on EOIR because the universe of custodians cannot be readily identified. EOIR has 73 courts and over 700 immigration judges. More than 50 of those courts maintain non-detained dockets, and the number of judges assigned to those dockets varies by court and over time. For example, currently the Concord, California Immigration Court currently has approximately nine immigration judges, while the Atlanta, Georgia Immigration Court has approximately fourteen. Other courts may have more or fewer judges.
>
> Before any email search could be conducted EOIR would first have to determine which Immigration judges were assigned to non-detained docket during the specific time period requested. Because judicial assignments change over time, EOIR cannot rely on current staffing information. Instead, personnel would need to review historical assignment records for each affected court to identify the appropriate custodians for the relevant date range. This preliminary identification process would have to be completed across more than 50 courts before any searches could even begin.
>
> Only after identifying the relevant judges could EOIR create the list of custodians and conduct the requested searches using Plaintiff's proposed search terms. Accordingly, the request requires not only searching for a potentially large number of email accounts but also performing a time-consuming historical reconstruction of judicial assignments, making the search significantly more burdensome than searches limited to readily identifiable custodians, such as ACIJs or centralized inboxes.
>
> In addition, EOIR has already conducted multiple searches using similar search terms that did not yield responsive results, suggesting that further searches of this nature are unlikely to locate meaningful records. The repeated expansion of search parameters under these circumstances begins to resemble a fishing expedition rather than a targeted effort to locate specific records, especially given that Plaintiffs have not provided a specific type of record that they are looking for.
>
> The agency also has to consider its limited resources. At present, only two attorneys are responsible for handling all FOIA litigation

> matters. EOIR has already completed three searches and is currently undertaking a fourth. Requiring yet another expansive and burdensome search would place a disproportionate strain on agency resources without a reasonable expectation of uncovering responsive records.
>
> Further, to clarify, in the American Immigration Council litigation we did not search all IJs. Rather EOIR searched the email accounts of ACIJs email inboxes and the "All ACIJ inbox" for the date range requested. Expanding the search in this matter to include all IJs assigned to non-detained dockets would substantially increase the scope of the search by requiring EOIR to first identify the judges assigned to those dockets during the relevant rime period and then search for each identified judge email account. Given that EOIR has already conducted multiples searches using similar search terms without locating responsive records, requiring this significantly broader search would impose a significant burden on the agency's limited resources with little reasonable expectation of locating responsive records.

On June 30, 2026, EOIR asked Plaintiffs to elaborate on what records that they are seeking so that EOIR can better inform Plaintiffs about the most effective way to perform a search. However, besides pointing to the topics listed in Column C of the request, Plaintiffs have not explained to EOIR what records they are seeking in a way that would enable EOIR to narrow the request. Further, EOIR has already completed its response to the EOIR Arrest Guidance Request and EOIR Dismissal Guidance Request, which sought "all guidance, instructions, policies, or other similar records" concerning the topics listed in Column C. Thus, from EOIR's perspective, Plaintiffs appear to be on a fishing expedition for every statement that an immigration judge has made about ICE's arrest of noncitizens at courthouses.

On July 1, 2026, Plaintiffs responded that they are open to limiting the scope of this request to a specific number of dockets or immigration courts if that would resolve the parties' dispute about whether this request poses a reasonable burden.

On August 19, 2026, the Court endorsed the parties' August 17, 2026 joint status report and directed that by September 2, 2026, EOIR should: (1) answer or otherwise respond to the Supplemental Complaint, or (2) file a letter confirming that EOIR has responded substantively to Plaintiffs' communication of July 1, 2026, regarding the Intra-EOIR Comms. Request. ECF No. 70.

On September 4, 2026, EOIR offered to search for emails between: (A) any of the Chief Immigration Judges (Tracy L. Short, Sheila McNulty, Teresa Lynne Riley, Keith E. Hunsucker, and Anna C. Little) or Regional Deputy Chief Immigration Judges (Mary M. Cheng, Daniel J. Daugherty, Sheila McNulty, Robert P. Driscoll, Lisa Luis (West), Jeffrey Scott Miller, Julie L. Nelson, Kevin W. Riley, Teresa Lynne Riley (Midwest), Rodin Rooyani, Jayme Salinardi, Khalilah M. Taylor, Philip P. Taylor, and Elizabeth L. Young), on the one hand; and (B) the three Assistant Chief Immigration Judges over what agency counsel believes to be the three largest set of immigration courts by collective number of judges (Irene C. Feldman, Amiena Khan, and

Melissa Joy Garcia), on the other hand. The agency has offered to use the search terms: (enforce* or arrest*) near(7) court* OR (dismiss* or terminat*) near(7) (case* or proceeding* or court*), and to apply these terms to the designated custodians' emails from April 1, 2025, to July 28, 2025, the date of the FOIA request.

The parties intend to meet-and-confer next week concerning this search proposal as well as on other issues.

We thank the Court for its consideration of this letter and again apologize for the tardiness of this submission.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2633
Tara.Schwartz@usdoj.gov
*Counsel for Defendants*

cc: All counsel of record (by ECF)