**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 15, 2026

**VIA ECF**
The Honorable Lorna G. Schofield
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Application **GRANTED**. The parties shall file the next joint status letter by **October 19, 2026**.

Dated: September 16, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: LatinoJustice PRLDEF, et al. v. U.S. Immigration & Customs Enforcement, et al., 25 Civ. 8516 (LGS)

Dear Judge Schofield:

This Office represents defendants United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS"), the Executive Office for Immigration Review ("EOIR"), and the United States Department of Justice ("DOJ") (collectively, the "Government") in the above-referenced action filed by plaintiffs LatinoJustice PRLDEF and American Immigration Council ("Plaintiffs") under the Freedom of Information Act, 5 U.S.C. § 552 *et seq*. ("FOIA"). Plaintiffs' FOIA requests seek records and communications relating to ICE arrests and enforcement operations in or near immigration courts. Pursuant to the Court's Memo Endorsement dated December 16, 2025, *see* ECF No. 29, the parties respectfully submit this joint status letter regarding the parties' negotiations for the search, processing, and production of remaining responsive non-exempt records.

## A. Plaintiffs' FOIA Requests to ICE

This litigation concerns five FOIA requests that Plaintiffs submitted to ICE, dated July 29, 2025. As defined in prior status reports, three of the five FOIA requests seek communications between and amongst employees of ICE and EOIR. Those requests have been denoted the "ICE Comms. Requests." The remaining two requests concern guidance, instructions, policies, and other similar records on the topics of arrests by noncitizens at immigration courts (the "ICE Arrest Guidance Request") and dismissals of immigration court cases (the "ICE Dismissal Guidance Request").

### i. Status of the ICE Guidance Requests

As indicated in the parties' prior status report, ICE completed its searches for records responsive to the ICE Arrest Guidance and ICE Dismissal Guidance Requests and issued a final response on December 10, 2025. *See* ECF No. 32.

ICE's final response to Plaintiffs indicated that it had located and processed 20 pages of responsive records, determined that six pages were duplicative, and released the remaining 14 pages in full or in part. The parties continue to meet and confer about the claimed withholdings and the reasonableness of the agency's searches. On August 14, 2026, ICE provided Plaintiffs

with responses to questions asked on July 1, 2026 about the agency's search. Plaintiffs maintain that the description of the agency's search does not allow them to assess the adequacy thereof. On August 17, 2026, Plaintiffs reiterated their request for a description of the agency's searches, including the keywords, Boolean strings, or other electronic search methodology used, to facilitate the parties' meet and confer about the reasonableness of these searches—information that Plaintiffs have requested since December 15, 2025. *See* ECF 25 at 2. The parties engaged in a meet-and-confer on September 14, 2026, and are working towards resolving the Plaintiffs' questions about the reasonableness of the search.

### ii. Status of the ICE Comms. Requests

As explained in the parties' prior status reports, in connection with the searches for records responsive to the ICE Comms. Requests, ICE pulled the email files of numerous custodians. ICE began processing records responsive to this request in December 2025, and completed two rounds of processing records. Following the partial ICE shutdown, from February 14 through April 13, 2026, the parties discussed refining the search terms that ICE previously used, in order to increase the responsiveness rate for the records that ICE was processing.

On or around June 15, 2026, ICE's Office of the Chief Information Officer (OCIO) completed the searches for the ICE Comms. Requests.

After applying revised search terms, ICE prepared the records for review and has completed one monthly cycle of processing.[1] On August 20, 2026, ICE notified Plaintiffs that it had processed 1,074 pages of records potentially to the ICE ERO-EOIR Comms. Request and referred 15 pages to EOIR for consultation and another 21 pages to EOIR for a direct response. ICE anticipates completing its second monthly cycle of processing soon.

Plaintiff notes that ICE's failure to complete a second monthly cycle of processing within the past month is inconsistent with its pledge to the parties and the Court to handle this Request "as though [it] were expedited" by processing responsive records "at a rate of around 1,000 pages per month." ECF No. 59 at 15, 17.

## B. <u>Plaintiffs' FOIA Requests to EOIR</u>

Plaintiffs submitted five FOIA requests to EOIR, dated July 28, 2025. As defined in prior status reports, three of the five FOIA requests also seek communications between and amongst employees of ICE and EOIR. Those requests have been denoted the EOIR-OPLA Comms. Request, Intra-EOIR Comms. Request, and the EOIR-ERO Comms. Request (collectively, the "EOIR Comms. Requests"). The remaining two requests concern guidance, instructions, policies, and other similar records on the topics of arrests by noncitizens at immigration courts (the "EOIR Arrest Guidance Request") and dismissals of immigration court cases (the "EOIR Dismissal Guidance Request").

[1] Plaintiffs believe that 3,000 pages per month is the appropriate processing rate for their requests. ECF No. 62 at 13. The parties' dispute about the appropriate processing schedule for the ICE and EOIR Requests at issue here is fully briefed and ripe for resolution. *See* ECF No. 53; ECF No. 59; ECF No. 62; ECF No. 66.

**i. Status of the EOIR Guidance Requests**

As indicated in the parties' prior status letters, EOIR has completed its search for records responsive to the EOIR Arrest Guidance Request. *See* ECF No. 32.

As a result of that search, EOIR identified over 700 pages of potentially responsive records to process, all of which EOIR completed processing. Accordingly, EOIR considers its response to the EOIR Arrest Guidance Request complete. Plaintiffs have expressed several concerns to EOIR about the reasonableness of its search and consider the agency's processing of this request incomplete for want of a reasonable search. The parties are meeting and conferring about certain withholdings that were made to certain pages of records that were referred to ICE for consultation.

EOIR has also completed its search for the Dismissal Guidance Request. EOIR shared its search protocol for this request with Plaintiffs on May 15, 2026.

EOIR determined that none of the records returned as a result of this search were responsive to the request. On July 15, 2026, Plaintiff informed EOIR that its search is unreasonable because it did not locate known responsive records and asked the agency to re-run its search. On September 14, 2026, EOIR notified Plaintiff that there was a technical error with the manner in which this search was run. The revised search has returned approximately 9,700 potentially responsive email records. The parties will meet and confer regarding the processing of these records and possible revisions to the agency's search.

**ii. Status of the EOIR Comms. Requests**

EOIR completed a search for records responsive to the EOIR-OPLA Comms. Request, which returned 160 records. EOIR is currently processing those records. On September 14, 2026, EOIR provided Plaintiff with its protocol for this search.

As explained in prior status reports, and in EOIR's September 4, 2026 letter, *see* ECF No. 71, EOIR's position on the Intra-EOIR Comms. Request is that this request is overly broad on its face, as it seeks internal communications with the approximately 700 immigration judges nationwide with non-detained dockets. Per the Court's August 19, 2026, order, *see* ECF No. 70, on September 4, 2026, EOIR made a search proposal to Plaintiffs. Plaintiffs anticipate responding to this proposal by the October 15, 2026, joint status report deadline, if not earlier.

As further explained in prior status reports, EOIR completed its search in response to the EOIR-ERO Comms. Request and did not locate any responsive records. On September 14, 2026, EOIR provide Plaintiff with its search protocol for this search.

Additionally, EOIR is currently processing the 15 pages of records responsive to the ICE Comms. Request referred to it by ICE on August 7, 2026, and the 21 pages referred to it by ICE for direct response.

EOIR did not process, let alone produce to Plaintiffs, any records during this reporting period despite having 160 records from the EOIR-OPLA Comms. Request search and 36 pages from ICE in its processing queue. Plaintiffs note that the agency's failure to do so is inconsistent with its pledge to the parties and the Court to handle requests at issue "as though they were

expedited" by processing responsive records "at a rate of 200 pages per month." ECF No. 59 at 15.

The parties thank the Court for its consideration of these matters. They also request the Court extend the deadline for their joint status letter from October 15, 2026, to October 19, 2026, to accommodate Plaintiffs' lead counsel being out of the office on October 15, 2026.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: */s/ Tara Schwartz*
TARA SCHWARTZ
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2633
Tara.Schwartz@usdoj.gov
*Counsel for Defendants*

Cc: All counsel (by ECF)